Brenda K. WEEKS, Appellant,

v.

**MAPLE LAWN NURSING HOME, Respondent.**

No. 62212.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 9, 1993.

**516**

Russell John Kruse, Palmyra, for appellant.

Joseph D. Welch, Hannibal, for respondent.

CRIST, Judge.

Brenda K. Weeks (Employee) filed a workers' compensation claim asserting she injured her back on August 10, 1988, while employed by Maple Lawn Nursing Home (Employer). The administrative law judge (ALJ) for the Workers' Compensation Division denied compensation finding (1) Employee did not suffer an injury at work on August 10, 1988; and (2) Employee did not give timely notice of the alleged accident to Employer. The Labor and Industrial Relations Commission (Commission) affirmed the award and adopted the ALJ's findings. Employee appeals. We affirm.

Employee claims she injured her back on August 10, 1988, while working at Maple Lawn Nursing Home. She asserts about twenty minutes before the end of her work shift, she was moving a patient from the patient's bed to a commode when she felt a strain in her back. The Commission found Employee did not suffer a compensable accident at work. It found, however, consistent with Employee's testimony, before Employee's shift ended that day, she felt sore and stiff while cranking a bed. She did not tell anyone at work she had suffered an accident and did not know she was hurt until after she clocked out and got in her car. After driving home, Employee had trouble getting out of the car and could not walk to her house without assistance.

The next morning, Employee visited a chiropractor, Dr. Steinbrueck, who treated her, gave her a work excuse, and prescribed bed rest. Her condition worsened. On August 18, 1988, she underwent surgery to remove a herniated disc from her back. A few weeks later, she underwent a second surgery to correct spinal fluid leakage resulting from the first surgery. She did not return to work until eight months after this surgery.

Employee had previously injured her back while working for another nursing home in December of 1987. She saw a chiropractor who prescribed bed rest. Her problem cleared up in about a month. She did not mention this injury during her pre-employment physical examination, nor did she report it to her rating doctor when he asked if she had previously suffered a significant back injury.

■ We view all evidence and inferences in the light most favorable to the Commission's decision and must affirm if the decision is supported by competent and substantial evidence. *Dillon v. General Motors,* 784 S.W.2d 915, 916[1] (Mo.App.1990).

■ Employee's testimony was her only evidence her alleged accident at work occurred as she described it. The Commission's finding the accident did not occur implied a finding that Employee's testimony was not credible. *See Wiedower v. ACF Industries, Inc.* 657 S.W.2d 71, 75[10] (Mo.App.1983). The Commission, alone, resolves questions of credibility and weight of the evidence; we will not substitute our judgment for the judgment of the Commission. *Staggs v. Venetian Harbor Co.,* 813 S.W.2d 883, 884–85[1] (Mo.App.1991). The Commission was free to believe or disbelieve Employee's testimony even if uncontradicted. *See Hatter v. Cleaning Service Co.* 814 S.W.2d 951, 956[11] (Mo.App.1991). The Commission's refusal to award compensation is supported by substantial and competent evidence. Point denied.

Because we find the Commission's decision not to award benefits was supported by competent and substantial evidence, we need not discuss Employee's contention her notice to Employer was timely.

The award of the Commission is affirmed.

AHRENS, P.J., and REINHARD, J., concur.