Joseph A. MONTGOMERY,
Claimant/Appellant,

v.

MISSOURI DEPARTMENT OF CORRECTIONS AND HUMAN RESOURCES, Employer/Respondent.

No. 62247.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 1993.

Richard G. Byrd, Clayton, for claimant/appellant.

Vicky L. Anthony, John P. Lichtenegger, Jackson, for employer/respondent.

CRAHAN, Judge.

Joseph A. Montgomery ("Employee") appeals from a decision of the Labor and Industrial Relations Commission ("Commission") denying compensation on his workers' compensation claim against his employer, Missouri Department of Corrections and Human Resources ("Employer"). The Commission held that Employee failed to satisfy his burden of proof that he suffered an accident arising out of and in the course of his employment as claimed. Employee maintains that this determination is not supported by substantial and competent evidence and is against the overwhelming weight of the evidence.[1] We affirm.

---

1. In his brief, Employee sets forth seven "Points Relied On," none of which state "wherein and why" the Commission's ruling was error as required by Rule 84.04(d). *See Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). Nevertheless, from our review of the "Argument" portion of Employee's brief, it is clear that Employee is challenging the evidentiary basis for the Commission's award. Employer did not take issue with the deficiencies in Employee's "Points Re-

lied On" and likewise interpreted Employee's assertions as challenging the sufficiency of the evidence. Strictly as a matter of judicial discretion, we will review this contention on the merits. To the extent Employee is seeking to assert other grounds not encompassed within this interpretation of his points and argument, they are rejected for failure to comply with Rule 84.04.

On appeal from a decision of the Labor and Industrial Relations Commission, the evidence and reasonable inferences from the evidence must be viewed in the light most favorable to the award. *Parker v. Mueller Pipeline, Inc.*, 807 S.W.2d 518, 520 (Mo.App.1991). It is within the province of the Commission to judge the credibility of witnesses and this court cannot substitute its judgment for that of the Commission. *Id.* The Commission is free to believe or disbelieve an employee's testimony, even if uncontradicted. *Weeks v. Maple Lawn Nursing Home*, 848 S.W.2d 515, (Mo.App. E.D. 1993); *Mashburn v. Tri–State Motor Transit Co.*, 841 S.W.2d 249, 250 (Mo.App. 1992). Only when the award is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence will it be disturbed on appeal. *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413, 415 (Mo.App.1988).

■ Employee claimed that on August 29, 1989 he was employed as a vehicle patrol officer to guard the perimeter of the Potosi Correctional Center when he was allegedly injured as a result of an accident. Employee claimed that at 11:00 a.m. on that date he was driving an all terrain vehicle ("ATV") provided by Employer at a high rate of speed in response to a perimeter alarm. Employer's instructions required Employee to respond to any alarm within one minute. The perimeter path upon which Employee was travelling was a paved surface with sides lined with gravel. According to Employee, he had just reached for his radio to report that there was no one in the perimeter when the ATV rolled and threw him to the pavement. Employee claimed that the shotgun strapped to the side of the ATV prevented it from turning all the way over. Employee testified that he righted the vehicle and, as he drove it back to the garage, he began to experience pain in his back that became so severe he was unable to dismount the ATV.

Employee was taken to Washington Memorial Hospital by ambulance and then transferred to Christian Hospital Northeast, where he remained until September 7, 1990. The hospital concluded that Employee had a focal central disc bulge at the L4–5 level. A physician retained by Employee for purposes of examination opined that (1) Employee was suffering from lumbo sacral sprain with left sciatic neuropathy and central disc herniation at the L4–5 level; (2) this condition was caused by the ATV accident; (3) Employee was temporarily totally disabled since August 29, 1990 and is in need of future medical treatment; and (4) Employee was not faking his injuries.

The Commission found that if the foregoing evidence was isolated and considered alone it would clearly support a finding of an accident. However, the Commission further found that there was overwhelming conflicting evidence which contradicted Employee's version of what happened. Specifically, Employer offered the testimony of several witnesses whom the Commission expressly found to be credible. Viewed in the light most favorable to the award determination, this evidence together with the reasonable inferences therefrom was as follows.

On August 28, the day prior to the alleged accident, Employee was accompanied on a roving patrol by a fellow guard, Scott Jarvis.[2] Jarvis recalled that he and Employee engaged in casual conversation in which Employee read instructions pertaining to operation of the ATV located on the fender of the four-wheeler and observed that they would have to ignore the five mile per hour speed limit if a zone alarm went off. According to Jarvis, Employee concluded his remarks by stating that "if he only had one minute to answer an alarm and had to drive at a high rate of speed the institution would be liable to him if he had an accident and he would own the institution." Although Jarvis conceded that Employee did not say he was going to have an accident, Jarvis felt compelled to report Employee's statement to his supervisor af-

2. At the time of the hearing, Mr. Jarvis, who testified pursuant to subpoena, was employed by the United States Department of Justice and was no longer working for Employer. Employee admitted that Jarvis had no reason to dislike him or to want to get even with him.

ter learning of Employee's accident the following day.

On the day prior to the alleged accident, Employee also engaged in conversation with Larry Ryan, Sr., the maintenance supervisor for the Potosi Corrections Center, while Employee was checking a vehicle at the prison gate. At that time, Ryan observed that Employee appeared to have a stiff back, was unable to stand erect, walked more slowly than normal and in a stooped position, and appeared to grimace as he checked the vehicle.

At approximately 7:30 a.m. on the morning of the alleged accident, William Fischer, the garage supervisor, observed that Employee was moving very slowly and seemed to turn his whole body rather than his head. According to Mr. Fischer, his encounter with Employee was different and Employee was not his usual self.

At 9:00 a.m. that same morning, about two hours prior to the alleged accident, Alton Thompson, an outer yard officer, observed Employee driving fast in the area where Employee later claimed to have had his accident. According to Thompson, Employee then hit his brakes and came to a sudden stop, sending gravel flying. Employee then looked down at the bike while the motor was running.

Two witnesses, Mr. Fischer and Superintendent Paul Delo, testified concerning their examination of the ATV upon Employee's return to the garage immediately following the alleged accident. Both testified that there was no sign of any damage to the ATV, although the left front tire was low. There were no scratches on the handlebars, fenders or metal parts of the vehicle and no indication of any leakage of fuel or oil. There were no paint scrapes beyond what might be expected on a vehicle in service for some time. There were some unusual scrapes running in a perpendicular direction from the rim to the outer tread on one of the rear tires but no scrapes going around the tire. Although the shotgun strapped horizontally to the handlebars was allegedly what prevented the vehicle from rolling over completely, there was no damage to any part of the shotgun and no dust or dirt in the barrel of the shotgun. No physical evidence confirming an accident as described by Employee was found at the scene.

Employee's appearance upon his arrival back at the garage was described as neat and clean except for a dusty area on his pantleg and a small abrasion on his left forearm. Contrary to his testimony at the hearing that he had to push the ATV back upright after his fall, Employee told a co-worker that the ATV had righted itself. Employee also advised the Correction Center's nurse just after the accident that he had no history of back problems, yet Employee's medical records and testimony on cross examination confirmed that he had received prior treatment for back pain.

The testimony of Employer's examining physician and Employee's treating doctors supported a finding of a bulging or possibly herniated disc at the L4–5 level. However, the physical complaints voiced by Employee to these physicians were not what would be expected with an L4–5 disc problem and the doctors were unable to correlate Employee's complaints with any of the physical findings.

In its findings of fact and conclusion of law, the Commission found that none of the foregoing facts would be sufficient standing alone to overcome Employee's testimony. However, the Commission further determined that, in combination, the lack of physical evidence, the inconsistent statements by Employee, the credible testimony of co-employees regarding prior back pain, the credible testimony regarding a staged accident and the medical testimony indicating a lack of correlation between physical and objective findings have a very strong and convincing cumulative effect such that the clear preponderance or weight of the evidence does not support Employee's testimony. The Commission therefore found that Employee failed to satisfy his burden of proving that he suffered an accident arising out of and in the course of his employment. Based on precisely the same factors, we conclude that the Commission's award is supported by substantial evidence

and is not contrary to the overwhelming weight of the evidence.

 Contrary to Employee's contentions on appeal, the Commission did not erroneously place the burden of proof on Employee to prove that the injury was not intentionally self-inflicted in contravention of § 287.120(3) RSMo.1986. The party claiming benefits under the workers' compensation law has the burden of proving that an accident occurred and that it resulted in injury. *Griggs v. A.B. Chance Co.,* 503 S.W.2d 697, 703 (Mo.App.1973). The Commission made no finding that Employee is suffering from any self-inflicted injury. Nor did the Commission err in considering testimony of lay employees concerning their observations of Employee's behavior indicative of prior back pain or their observations of the condition of the ATV and accident scene following the alleged accident. The Administrative Law Judge properly confined such testimony to areas of lay understanding and the inferences drawn by the Commission were reasonably supported by such evidence.

Employee's remaining contentions are based on either a complete misunderstanding or a conscious disregard of the standard of review. The issue is not, as Employee apparently assumes, whether the inconsistencies in Employee's testimony could be explained away or whether other medical evidence would be sufficient to support an award had the Commission been persuaded that an accident had occurred. The Commission candidly acknowledged that Employee's evidence, if believed and considered in isolation, would support an award and that none of the contrary evidence, standing alone, would have overcome Employee's version of the events. Rather, based on its determination that the opposing witnesses were credible and that their cumulative testimony, if so believed, cast serious doubt upon Employee's credibility, the Commission determined that Employee failed to meet his burden of proving that the accident occurred. Given the Commission's determination that the testimony of the Employer's witnesses was credible, we must accept that evidence as true. "If

the competent evidence or permissible inferences are conflicting the choice rests with the Commission and is binding upon this court." *Katzenberger v. Gill,* 690 S.W.2d 473, 475 (Mo.App.1985). Employee's remaining contentions ignore these precepts and provide no basis for disturbing the Commission's award.

The award of the Commission is affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.