**Joyce BIVINS, Claimant–Appellant,**

v.

**ST. JOHN'S REGIONAL HEALTH CENTER and Sisters of Mercy Health System, Defendants–Respondents.**

No. 28838.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 1, 2008.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 19, 2008.

Application for Transfer Denied
Jan. 27, 2009.

---

William W. Francis, Jr., Ryan E. Murphy, Placzek & Francis, Springfield, for Appellant.

Greg W. Pearman, Brooke Pyle, Harmison & Pearman, P.C., Springfield, for Respondents.

JOHN E. PARRISH, Presiding Judge.

Joyce Bivins (claimant) appeals a final award of the Labor and Industrial Relations Commission (the commission) denying workers' compensation benefits. This court affirms.

On appellate review, a court must examine the whole record to determine if the Commission's award is supported by competent and substantial evidence. *Hampton [v. Big Boy Steel Erection,* 121 S.W.3d 220] at 222–223 [(Mo.banc 2003)]. In reviewing whether awards of the Commission are against the overwhelming weight of the evidence, the power of the court does not extend to reweighing the evidence. *Id.* Instead, the appellate court must determine whether the Commission could have reasonably made its findings and reached its result upon consideration of all of the evidence before it. *Totten v. Treasurer of State,* 116 S.W.3d 624, 629 (Mo.App. E.D.2003).

Additionally, "findings of fact made by the [C]ommission within its powers shall be conclusive and binding." Section 287.495.1.[1] Thus, we defer to the Commission on issues concerning credibility and the weight to be given conflicting evidence. *Totten* at 627. However, we independently review questions of law without deference to the Commission's findings. *Id.*

*Henley v. Tan Co., Inc.,* 140 S.W.3d 195, 198 (Mo.App.2004).

1. References to statutes are to RSMo 2000 unless stated otherwise.

The commission found that the administrative law judge's award accurately recounted the facts on which claimant based her claim. Claimant was employed by St. John's Regional Health Center. She arrived at the hospital to begin work the morning of August 27, 2006. She was walking down a hallway toward a time clock where she planned to clock in when she fell. The commission set forth the following facts found by the administrative law judge as "facts which are of special emphasis to the Commission."

The parties dispute exactly how the fall occurred. Claimant contends her foot stuck to the floor and that caused her to fall. Claimant said she previously had experienced no problems walking or with her foot sticking to the floor. She had no past leg problems and was in good health at the time of her fall. Claimant was walking at her normal pace and gait and did not trip or slip on anything.

Employer presented evidence that there was nothing on the floor that would have caused Claimant's foot to stick or would have caused her to slip or trip. Claimant admitted that there were no warning signs indicating the floor was wet. Claimant saw no debris, no liquid or any sticky substance on the floor. The floor was composed of the same type of tile which is present throughout the majority of the hospital and, as Claimant admitted, similar to what one might find in a grocery store. Photographs taken immediately after the incident provided no evidence of anything on the floor. There is no credible evidence that the condition of the floor caused the Claimant to slip, trip, or caused her foot to stick, thus causing her to fall.

When provided with Employer's Exhibit 1 (Dispatch Report dated 8/27/06), Claimant acknowledged that the record indicates she 'tripped and fell face first,

landing on her stomach.' She acknowledged that Employer's Exhibit 1 does not state that her foot stuck to the floor. When shown Employer's Exhibit 3 (Emergency Nursing Record dated 8/27/06), Claimant acknowledged that the record indicates that she 'tripped.' Employer's Exhibit 2 (Patient Medical Record dated 8/27/06) states that Claimant 'slipped.' It, too, does not indicate that Claimant's foot stuck to the floor.

Claimant's friend, Howard Brown, said Claimant told him that her right foot stuck to the floor. He testified he also heard Claimant tell emergency room personnel that she fell because her right foot stuck to the floor. He further testified that, when he was in Claimant's hospital room, he witnessed Claimant tell both her supervisor, Kevin Bradley, and a Risk Management employee that her foot had stuck to the floor. Mr. Brown admitted, however, that he has a hearing problem and wears a hearing aid. Mr. Brown's hearing deficit was apparent during his testimony; and for this reason his testimony is found unreliable.

Officer Dean Fritz testified that, when he responded to the incident involving [C]laimant, he asked if she had tripped, and Claimant responded that she 'just fell.' Claimant did not advise Officer Fritz that she had fallen because her right foot stuck to the floor. I find Dean Fritz's testimony credible.

On cross-examination, Officer Fritz agreed with Claimant's counsel that the floor could have been buffed differently in places. But, the photographs taken by Officer Fritz do not reveal an uneven surface or anything unusual about the floor. Moreover, Claimant identified nothing that would have caused her foot to stick.

Nurse Kevin Bradley, Claimant's supervisor, said he discussed Claimant's general condition with her. But, he denied that Claimant told him she had fallen because her foot stuck to the floor. I find Kevin Bradley's testimony credible. Sandy Moore, Employer's Workers' Compensation and Employee Health Manager, learned of Claimant's fall the following day on August 28, 2006. Ms. Moore visited Claimant in the hospital to discuss her condition, what caused her fall, and what benefits were available to Claimant. Ms. Moore said Claimant told her that she 'just fell.' I find Ms. Moore's testimony credible that Claimant did not advise her that [C]laimant's foot had stuck to the floor.

I find [C]laimant's recollection as to whom she told about her foot sticking to the floor is inaccurate. The testimonies of Nurse Bradley, Ms. Moore, and Officer Fritz all indicate that Claimant did not explain this detail of the fall to them. Moreover, the written documentation does not substantiate Claimant's contention that she advised hospital personnel that her foot stuck to the floor.

The commission made the following determination.

In the instant case, the Commission finds and concludes that the employee was walking in a hallway on the premises of the employer when the employee "just fell", meaning that she simply or merely fell, without explanation. The Commission does not find credible employee's trial testimony that her foot stuck to the floor immediately prior to falling. The Commission specifically finds that most credible version of what transpired, is that employee "just fell", i.e., the injury simply was the result of an unexplained fall.

Due to the fact that the injury was the result of an unexplained fall, the Commission is unable to determine or conclude there was any unique condition of employment which contributed to the resultant injury.

The burden rests upon the employee to show some direct causal connection between the injury and the employment. An award of compensation may be issued if the injury were a rational consequence of some hazard connected with the employment. However, the employment must in some way expose the employee to an unusual risk or injury from such agency which is not shared by the general public. The injury must have been a rational consequence of that hazard to which the employee has been exposed and which exists because of and as a part of the employment. It is not sufficient that the employment may simply have furnished an occasion for an injury for some unconnected source.

Due to the fact that the injury sustained was due to an unexplained fall, the Commission cannot establish a causal connection between the conditions under which the employee was performing her work, and her resultant injury. An award of compensation, given the facts of the instant case, i.e., an unexplained fall, can only be justified by accepting the but for reasoning of the positional or actual risk doctrine, which holds that an injury arises out of the employment if it would not have occurred but for the fact that the conditions and obligations of the employment placed employee in the position where he or she was injured.

In 2005, the legislature specifically abrogated such earlier case law interpretations involving any potential positional or actual risk doctrine, and required proof greater than the fact that the conditions and obligations of the employment placed employee in the position where he or she was injured. An em-

ployee must satisfy the concept of causation, i.e., establishing some rational connection between his or her work and the injury sustained. Since employee's fall is not able to be explained, i.e., she "just fell", or simply or merely fell, the element of proof needed to establish that the injury arose out of her employment, is lacking.

The commission found:

In conclusion, employee has presented to the Commission a resultant injury due to an unexplained fall. In so doing, employee has failed to prove that the resultant injury arose out of her employment since there is lack of proof of a rational connection between the accident, the injury and the employment. Accordingly, employee's claim for benefits is denied since employee has not sustained her burden of proof that her injury was due to an accident arising out of and in the course of her employment. Section 287.120.1 RSMo.

Claimant presents two points on appeal, Point II being asserted "[i]n the alternative" to Point I. Both assert error by the commission in its application of § 287.020.3(2)(b) to the facts in this case.

Point I argues that the "commission erred in its application of § 287.020.3(2)(b) to conclude claimant's injury did not arise out of her employment" because the statute "states an injury arises out of employment and is compensable so long as it did not come from a hazard or risk unrelated to the employment to which the worker would have been equally exposed in their non-employment life, in that claimant's injury did not come from an obvious hazard or risk and therefore § 287.020.3(2)(b) is met."

Point II argues, "[i]n the alternative," that if claimant's injury came from a hazard or risk, the commission erred in its application of § 287.020.3(2)(b) by finding the injury did not arise out of claimant's employment because the statute "states an injury arises out of employment and is compensable so long as it did not come from a hazard or risk unrelated to the employment to which the worker would have been equally exposed in their non-employment life, in that claimant's injury resulted from a hazard or risk related to her employment and claimant had a greater degree of exposure to that hazard or risk than in her non-employment life and therefore § 287.020.3(2)(b) is met."

Neither Point I nor II recognizes the basis for the commission's finding that claimant's fall did not arise out of her employment; that her injury was the result of an unexplained fall. The commission explained that the 2005 statutory amendment denied recovery because, based on the evidence it found credible, claimant's fall was not explained; "she 'just fell', or simply or merely fell." The commission determined that claimant failed to show that she was exposed to an unusual risk of injury that was not shared by the general public. This determination was based on the commission's assessment of the credibility of witnesses. This court is bound by that determination. *Clayton v. Langco Tool & Plastics, Inc.*, 221 S.W.3d 490, 493 (Mo.App.2007).

"The Commission is the sole judge of the credibility of witnesses and the weight and value to give to the evidence." *Blackwell [v. Puritan–Bennett Corp.]*, 901 S.W.2d [81] at 85 [(Mo.App. 1995)]. Where competent evidence or permissible inferences conflict, 'the choice rests with the Commission and is binding upon this court.' *Montgomery v. Mo. Dept. of Corrections and Human Resources*, 849 S.W.2d 267, 271 (Mo. App.1993), *overruled on other grounds by Hampton [v. Big Boy Steel Erection],*

121 S.W.3d [220] at 229 [Mo.banc 2003]. Appellate review of an award by the Commission is limited and does not extend to issues of witness credibility. *Blackwell*, 901 S.W.2d at 85.

*Id.*

 Section 287.120.1 imposes liability on employers who are subject to the provisions of The Workers' Compensation Law for personal injuries their employees sustain when those injuries are caused "by accident arising out of and in the course of [the employee's] employment." Section 287.020.10, which was in effect at the time of claimant's injury—her injury occurred August 27, 2006—specifically precludes recovery under The Workers' Compensation Law for certain types of injuries. It does so by restricting the definitions of certain terms that appear in The Workers' Compensation Law, including "accident," "arising out of," and "in the course of the employment." Section 287.020.10 provides that previous definitions of those terms as were used in *Bennett v. Columbia Health Care and Rehabilitation,* 80 S.W.3d 524 (Mo.App.2002), *Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852 (Mo.banc 1999), and *Drewes v. Trans World Airlines, Inc.,* 984 S.W.2d 512 (Mo.banc 1999), are no longer applicable for purposes of determining liability under The Workers' Compensation Law. "[T]his Court cannot decide away a statutory requirement." *Abel v. Mike Russell's Standard Service,* 924 S.W.2d 502, 504 (Mo.banc 1996).

The restriction on recovery by reason of the reference in § 287.020.10 to *Drewes* is applicable here. The employee in *Drewes* was on her lunch break when she fell in a break room she was crossing in order to enter an adjacent cafeteria where she intended to eat her lunch. *Drewes* held, pursuant to § 287.020.3(1), RSMo 1994, the applicable law at the time of the employee's injury, that the employee's injury

resulted from an accident that arose out of and in the course of her employment; that under the statute as it then existed, "[t]o arise out of the employment, 'the injury must be *incidental to* and not independent of the relation of employer and employee.'" *Drewes,* 984 S.W.2d at 514. *Drewes* concluded that "[a]ttending to one's personal comfort is 'incidental to employment,'" relying on and quoting from *Bell v. Arthur's Fashions, Inc.,* 858 S.W.2d 760, 763–64 (Mo.App.1993), and *Cox v. Tyson Foods, Inc.,* 920 S.W.2d 534, 537 (Mo.banc 1996).

Here, like the employee in *Drewes,* claimant was not performing assigned duties at the time of her unexplained fall. Rather, she was walking down a common hallway intending to clock in for purposes of commencing work. Had the law remained as it existed at the time of *Drewes,* arguably claimant's injury could have been declared as having been incidental to her employment; that under those circumstances, her employment would have been considered a triggering or precipitating factor. Present law does not allow recovery on that basis.

The current statute concisely states, "An injury is not compensable merely because work was a triggering or precipitating factor," § 287.020.2; that in order for an injury to be deemed to arise out of and in the course of employment, it cannot be the product of "a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life," § 287.020.3(2)(d). The commission found that there was no rational connection between claimant's work and the injury that was sustained. Giving deference to the commission's determination of the credibility of witnesses and its determination of the weight to be given conflicting evidence, and having ex-

amined the whole record, this court concludes the commission's award denying compensation is supported by competent and substantial evidence. The commission could have reasonably made its findings and reached its result upon consideration of all the evidence that was before it.

The order of the commission is supported by competent and substantial evidence on the whole record. No error of law appears. Further opinion would have no precedential value. Points I and II are denied. The order denying compensation is affirmed in compliance with Rule 84.16(b)(4) and (5).

BATES and SCOTT, JJ., concur.