Joseph DUEVER, Respondent,

v.

ALL OUTDOORS, INC., Appellant,

and

Treasurer of Missouri as Custodian of the Second Injury Fund, Respondent.

No. ED 97596.

Missouri Court of Appeals, Eastern District, Division Two.

May 15, 2012.

John P. Kafoury and Michelle E. Radice, Holtkamp, Liese, Schultz & Hilliker, P.C., St. Louis, MO, for appellant.

Robert D. Arb and John Winston Grantham, Valley Park, MO, for respondent Joseph Duever.

Da–Neil Cunningham, Assistant Attorney General, St. Louis, MO, for respondent Treasurer of MO.

KENNETH M. ROMINES, J.

### Facts and Procedural History

This is an appeal from the judgment of the Labor and Industrial Relations Com-

mission ("Commission") awarding worker's compensation benefits to Respondent Joseph Duever ("Duever"). Finding no error, we affirm the Commission's decision.

Duever is the owner and operator of All Outdoors, Inc. ("Employer"), a landscaping business. During the winter months, Employer provides customers with services such as snow and ice removal. In addition to running the business, Duever performs manual labor along with his employees.

Employer leased a warehouse from Scott Properties, and the lease included access to a parking lot and the specific use of four parking spaces. According to the lease terms, Scott Properties was responsible for ice and snow removal from the parking lot.

On 17 February 2007, Duever arrived at the warehouse for work sometime before 5:00 a.m. At approximately 7:00 a.m., Duever held a safety meeting with several employees to discuss the importance of maintaining tail-lights on company trailers. Duever held the meeting on the parking lot outside the warehouse, during which he demonstrated the proper way to wire the trailer's tail-lights. After the demonstration, Duever began walking back to the shop when he slipped on a patch of black ice, falling on his left shoulder and hitting his head. The employees assisted Duever in getting up and returning to his office. Duever noticed that he could not use his left arm properly.

The following day Duever kept a scheduled appointment with his endocrinologist, Dr. Oiknine, for treatment of Duever's diabetes. In Dr. Oiknine's notes from that appointment, there is no mention of the accident.

On 6 March 2007, orthopedist Frank Thomas evaluated Duever. Dr. Thomas ordered an MRI which revealed tears of the tendons in the left shoulder and arm.

On 26 March 2007, Dr. Thomas surgically repaired the tears. Duever underwent post-operative physical therapy but continued to experience pain and diminished use of his left arm and shoulder.

Duever later filed a worker's compensation claim. The Administrative Law Judge ("ALJ") held hearing on 25 October 2010 during which Duever testified as to the events described above. The ALJ also received into evidence all of Duever's medical records including those from Dr. Oiknine, Dr. Thomas, and two other physicians who examined Duever after the filing of the claim.

On 27 January 2011, the ALJ issued her final award. The ALJ found that Duever's work was the prevailing factor in causing the injury to his left shoulder. The ALJ awarded past medical expenses, future medical care, and permanent partial disability (PPD) benefits.

Employer appealed to the Commission. On 14 October 2011, the Commission affirmed the ALJ's award and decision. Except for a minor provision regarding the specific course of treatment for future medical care, the Commission adopted the ALJ's findings of fact and conclusions of law as its own. Aggrieved, Employer now appeals.

## Standard of Review

■ We may modify, reverse, remand for rehearing, or set aside the Commission's decision only if it acted without or in excess of its powers; the award was procured by fraud; its findings of fact do not support the award; or there was not sufficient competent evidence in the record to substantiate the award. *Miller v. Mo. Hwy & Transp. Comm'n*, 287 S.W.3d 671, 672 (Mo. banc 2009) (citing Mo.Rev.Stat. § 287.495.1 (2000)). In the absence of fraud, the findings of fact made by commission within its powers shall be conclu-

sive and binding. § 287.495.1. We must review the entire record "to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence." *Id.* (internal citation and quotation marks omitted). When relevant facts are not disputed, the issue as to whether an accident arose out of and in the course of employment becomes a question of law, which we review *de novo. Id.*

## Discussion

### I. *Accident in Fact*

■ Employer first challenges the Commission's determination that an accident in fact occurred. We deny the challenge.

An employer is "liable, irrespective of negligence, to furnish compensation under the [Worker's Compensation Law] for personal injury ... of the employee by accident arising out of and in the course of the employee's employment." *Strieker v. Children's Mercy Hospital,* 304 S.W.3d 189, 192 (Mo.App. W.D.2010) (citing § 287.120.1). In 2005, the Missouri Legislature amended the definition of "accident" to mean

> an unexpected traumatic event or unusual strain *identifiable by time and place of* occurrence and producing at the time objective symptoms of an injury caused by a specific event during a single work shift. An injury is not compensable because work was a triggering or precipitating factor.

§ 287.020.2.

Duever testified that while walking back to the office after the trailer demonstration, he slipped on patch of ice. Following this accident, he lost significant use of his left arm and shoulder. The accompanying medical records show that these injuries were sustained as a result of the fall and

that he was treated for the injury. Based on the testimony and medical evidence, the ALJ determined that an accident occurred.

■ Employer complains that this determination was not supported by the record because Duever did not report the fall to Dr. Oiknine the following day, and at the hearing he could not recall the names of all the employees who witnessed the incident without referring his notes. Employer's argument is a thinly veiled challenge to the weight of the evidence and Duever's credibility as a witness. We give deference to the Commission in these areas. *Comeaux v. Convergys Customer Management Group,* 310 S.W.3d 759, 762 (Mo.App. E.D.2010). The Commission—by way of the ALJ—thoroughly explained why Duever's testimony regarding the incident was credible despite Employer's concerns.

First, the ALJ noted the Dr. Oiknine was an endocrinologist who treated Duever for diabetes and related conditions. The ALJ stated "[t]he fact that Claimant did not report this injury to a diabetic specialist does not make him a less truthful witness." As for Duever's inability to recall the names of employees who witnessed the accident, the ALJ noted that many of the employees were "seasonal workers." The ALJ then stated "I find Claimant testified in a very straight forward and honest manner, and I find Claimant's testimony to be credible. I further find Claimant has met his burden to establish accident."

We see nothing to suggest the Commission's finding was unsupported by the record or otherwise improper. Quite the opposite, Duever's credible testimony and the relevant medical records directly support the Commission's determination that an accident in fact occurred. Employer's first point is denied.

## II. *Arising Out of and in the Course of Employment*

■ Employer next challenges the Commission's finding that the "accident arose out of and in the course of [Duever's] employment." We reject the challenge.

Again, an employer is "liable, irrespective of negligence, to furnish compensation under the [Worker's Compensation Law] for personal injury . . . of the employee by accident arising out of and in the course of the employee's employment." *Stricker*, 304 S.W.3d at 192. In 2005, the Missouri Legislature also amended our worker's compensation law to narrow the definitions of "injury," and "arising out of and in the course of." *Id.* (citing *Miller*, 287 S.W.3d at 672–73). "Injury" is now defined as

an injury which has arisen out of and in the course of employment. An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. "The prevailing factor" is defined to be the primary factor, in relation to any other factor, causing both the resulting medical condition and disability.

§ 287.020.3(1). An injury will only be deemed to "arise out on and in the course of employment" if:

(a) It is reasonably apparent, upon consideration of all the circumstances that the accident is the prevailing factor in causing the injury; and

(b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

§ 287.020.3(2).

■ The articulated legislative purpose of the 2005 amendments was to raise the threshold for obtaining worker's compensation. *Johme v. St. John's Mercy Healthcare,* —— S.W.3d ——, 2011 WL 5056300, *2 (Mo.App. E.D.2011). Consequently, we now construe the provisions strictly and weigh the evidence impartially without giving any party the benefit of the doubt. *Miller*, 287 S.W.3d at 674.

Employer's argument focuses on whether Duever's injury arose from a hazard or risk unrelated to his employment to which he would have been equally exposed to outside of and unrelated to his employment. Employer argues that the risk involved—walking on an ice covered parking lot—is one that Duever would have been equally exposed to in daily life, and therefore the injury is not compensable. In support, Employer cites three recent decisions where the claimant has been denied compensation.

First, in *Miller*, 287 S.W.3d 671, the claimant, a construction worker, was walking on a road toward a truck when his knee popped and began to hurt. There was no evidence that some condition on the road caused the injury or that it was otherwise work-related. *Id.* Our Supreme Court held that injury did not "arise out of" the employment because the risk involved was merely walking, and Miller did not alleged that injury occurred due to some condition of his employment or due to being in an unsafe location due to his employment. *Id.* at 674.

This case is clearly distinguishable because, as a direct function of his employment as the owner of a landscaping and ice removal company, Duever was in an unsafe location (an icy parking lot) instructing his employees on the importance of properly functioning tail-lights on company trailers. Duever sustained an injury due to an unsafe condition (the ice itself) over which he had no control given that the owner of the parking lot had hired another company to remove ice on the lot.

Second, in *Johme*, —— S.W.3d ——, 2011 WL 5056300, the claimant was employed as billing representative. *Id.* She left her cubicle and went to the kitchen area of the office, began making coffee, turned, and slipped off the side of her sandal injuring her right hip. *Id.* The floor did not have any irregularities or hazards, and there was no evidence of St. John's negligence. This Court held that the claimant's injury did not "arise out of" her employment as a billing representative because the risk involved was making coffee, or normal kitchen related activities, and she did not allege that the injury was caused by any conditions such as spills or other hazards. *Id.* at ——, 2011 WL 5056300, at 3. This case is distinguishable for the same reasons same as *Miller*—Duever's injury resulted from being in an unsafe location as a function of his employment and slipping on an unsafe icy condition.

Finally, in *Hager v. Syberg's Westport*, 304 S.W.3d 771 (Mo.App. E.D.2010), the claimant worked as a cook at employer's restaurant. While walking to his vehicle after work, the claimant slipped on a patch of black ice and injured his left ankle. *Id.* at 772. This case is not applicable to the current situation because the claimant there sustained his injury *after work*. Duever sustained his injury on the job.

For the reasons stated above, Duever's injury arose out of and in the course of his employment as contemplated by the 2005 amendments. Each case cited by Employer is clearly distinguishable and does not affect this conclusion. Therefore, Employer's second point is denied.

### III. *Premises Liability*

■ Employer finally argues that the Commission erred in finding that the accident arose out of and in the course of Duever's employment because the injury occurred on a parking lot that was not owned, controlled, or maintained by the Employer. We disagree.

In the 2005, the Missouri Legislature amended § 287.020.5 to read:

> Injuries sustained in company-owned or subsidized automobiles in accidents that occur while traveling from the employee's home to the employer's principal place of business or from the employer's principal place of business to the employee's home are not compensable. The extension of premises doctrine is abrogated to the extent it extends liability for accidents that occur on property not owned or controlled by the employer even if the accident occurs on customary, approved, permitted, usual or accepted routes used by the employee to get to and from their place of employment.

Employer argues that this statute is somehow applicable because Employer leased its office from Scott Properties, the lease agreement provided that the parking lot was a common area, and Scott Properties had the responsibility of removing the snow and ice. This argument is disingenuous.

The first sentence of the statute is designed to narrow the definition of compensable injury such that injuries sustained by an employee while driving a company-owned or leased vehicle *to or from work* are not compensable. The second sentence of the statute abrogates the extended premises doctrine for injuries sustained by an employee *to or from their place of employment.* This statute is not applicable because Duever was not on the way to work or on the way home from work at the time he slipped and fell on the ice. Duever was quite clearly on the job. Therefore, this statute has no bearing on whether Duever's injury was compensable. The point is denied.

Based on the foregoing, the decision of the Commission awarding worker's compensation benefits is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.