

# Missouri Court of Appeals

## Southern District

### Division Two

LINDA DORRIS,                         )
                                      )
    Employee-Respondent,      )
                                      )
vs.                                   )          No. SD32830
                                      )
STODDARD COUNTY,                      )          **Filed: January 31, 2014**
                                      )
    Employer-Appellant.       )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

## AFFIRMED

This is an appeal from an award of compensation entered by the Labor and Industrial Relations Commission ("the Commission") in a workers' compensation claim. Linda Dorris ("Claimant") was injured when she tripped on a crack in the street while walking back to her office after going to look at a new office building her employer, Stoddard County ("Employer"), was having constructed. Employer appeals. We disagree with the arguments Employer raises and affirm the Commission's award.

### Factual and Procedural Background

Claimant worked in Employer's collector's office. During 2009, Employer was building a new office building. On September 15, 2009, Claimant's supervisor asked Claimant and her coworker, Linda Patrick ("Patrick"), if they wanted to go over to the new building and see the new workstations because the

countertops were being installed.  Patrick and Claimant were to determine whether they liked the countertops and ascertain whether they had any questions.

Patrick and Claimant walked across the street to the new building while Claimant was "on the clock[.]"  If something had been wrong with the new countertops, Claimant was to have reported it, and changes would have been made.

The street Claimant and Patrick had to cross to get from the old building to the new building had cracks in the pavement, and it was a busy street.  Claimant was watching for vehicles passing in the street, so she was not looking down at the pavement.  As they crossed the street on their way back to the old office building, Claimant tripped and fell.  Claimant's right shoulder was injured during the fall, and she subsequently received medical treatment including surgery to repair a torn rotator cuff.[1]

Claimant sought workers' compensation benefits based on the injury to her shoulder.  A hearing was held regarding the claim, and the Administrative Law Judge ("ALJ") awarded compensation.  In support of her award, the ALJ found "there is a clear nexus between the employee's work and her injury.  She was walking across the street because of work, and she tripped and fell on a cracked street."  Consequently, the ALJ concluded Claimant's injury arose out of and in the course of Claimant's employment.

---

[1] As Employer contested the claim from the outset, this treatment was obtained by Claimant on her own.

Employer sought review by the Commission. The Commission adopted the ALJ's award and supplemented that award to address Employer's argument based on **Bivins v. St. John's Regional Health Center**, 272 S.W.3d 446, 450 (Mo. App. S.D. 2008). In so doing, the Commission stated:

> Employee need not prove that the nature of the risk to which she was exposed was unique to her employment. Compensability is established herein based upon our finding that, in the course and scope of her employment, employee had a direct and greater exposure to the specific risk of tripping inherent in the poor condition of the roadway in a direct path from one office to another and that she sustained injury as a result therefrom.
>
> We agree with the administrative law judge's conclusion that employee's shoulder injury arose out of and in the course of her employment.

Employer appeals.

## Standard of Review

"On appeal, this Court reviews the Commission's decision to determine if it is 'supported by competent and substantial evidence upon the whole record.'" **Johme v. St. John's Mercy Healthcare**, 366 S.W.3d 504, 509 (Mo. banc 2012) (quoting Mo. Const. Art. V, § 18). Where, as here, the Commission incorporates the ALJ's findings and conclusions, we review those findings as adopted by the Commission. **Kuykendall v. Gates Rubber Co.**, 207 S.W.3d 694, 702 (Mo. App. S.D. 2006). On appeal, the court:

> may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) [t]hat the [C]ommission acted without or in excess of its powers;
>
> (2) [t]hat the award was procured by fraud;

3

> (3)    [t]hat the facts found by the [C]ommission do not support the award; [or]
>
> (4)    [t]hat there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1, RSMo (2000).

## Discussion

Employer presents three points on appeal challenging the Commission's determination that Claimant's injury arose out of and in the course of her employment.  In its first point, Employer states the Commission's determination that Claimant's injury was caused by a trip on a crack in the street was not supported by substantial competent evidence as there was no direct testimony Claimant tripped on a crack in the street.  In its second point, Employer argues the Commission erred in determining Claimant's injury occurred out of and in the course of Claimant's employment because Claimant was injured in a public street at a time when Claimant was not performing an activity that provided a benefit to Employer.  Finally, in its third point Employer uses its factual conclusion from its first point to support the legal argument that the injury did not arise out of and in the course of the employment because Claimant was equally exposed to the risk in her normal, nonemployment life.  For ease of analysis, we address Employer's points in the following order:  Point I, Point III, and then Point II.

### *Point I: Causation*

Employer first argues the Commission's award is not supported by substantial evidence because there was no testimony or other direct evidence showing the cracks in the pavement caused Claimant to fall.  This argument

4

ignores our standard of review because it fails to give sufficient deference to the Commission's credibility determinations and reasonable inferences drawn from the direct evidence.

"The whole record is considered to determine if there is sufficient competent and substantial evidence to support the Commission's award." *Johme*, 366 S.W.3d at 509. While we need not view the evidence in the light most favorable to the award, *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003), "[t]he Commission is the sole judge of the credibility of witnesses and the weight and value to give to the evidence." *Bivins v. St. John's Regional Health Center*, 272 S.W.3d 446, 450 (Mo. App. S.D. 2008) (quoting *Blackwell v. Puritan-Bennett Corp.*, 901 S.W.2d 81, 85 (Mo. App. E.D. 1995)). "Where competent evidence or permissible inferences conflict, 'the choice rests with the Commission and is binding upon this Court.'" *Id.* (quoting *Montgomery v. Missouri Dept. of Corrs. And Human Res.*, 849 S.W.2d 267, 271 (Mo. App. E.D. 1993) (overruled on other grounds by *Hampton*, 121 S.W.3d 220)).

"To be entitled to workers' compensation benefits, the employee has the burden of proving that his or her injury was caused by a work-related accident." *Claspill v. Fed Ex Freight East, Inc.*, 360 S.W.3d 894, 903 (Mo. App. S.D. 2012) (quoting *Spencer v. Sac Osage Elec. Co-op., Inc.*, 302 S.W.3d 792, 800 (Mo. App. W.D. 2010)). "Determinations with regard to causation and work-relatedness are questions of fact to be ruled upon by the Commission, and the reviewing court may not substitute its judgment on the weight of the evidence or

5

on the credibility of witnesses for that of the Commission." ***Id.*** (quoting ***Spencer***, 302 S.W.3d at 800).

Employer does not challenge the determination that the medical condition was caused by Employee's fall, so the only issue is what caused Employee to fall. Contrary to the implicit assumption in Employer's argument, nothing in the workers' compensation law requires the claimant to testify to the exact cause of the accident. Rather, the Commission is entitled to consider the evidence as a whole and rely on reasonable inferences. Claimant testified there were cracks in the pavement, she was watching for vehicles on the street and she believed something must have caused her to fall. She also stated she was not prone to frequent falls and did not suffer from seizures. Furthermore, at the hearing before the ALJ, Claimant introduced photographs showing the condition of the pavement in the area where Claimant fell. The pavement appears to be composed of separate slabs joined together. Deep crevices mark the junctions. Additionally, the edges of the pavement segments are crisscrossed with a network of smaller cracks. Based upon the testimony that there were cracks in the street, the testimony that Claimant did not suffer from conditions that might cause her to fall for any other reason, and the photographs showing the cracked nature of the street, it was reasonable for the Commission to infer Claimant tripped on a crack in the street.

There is no requirement that Claimant must personally identify the specific cause of her fall; a reasonable inference regarding the cause was sufficient. In fact, it is well settled that to prove causation in slip-and-fall cases "'a plaintiff may rely on circumstantial evidence' because he or she 'will not know

6

exactly what happened or what caused the fall.'" ***Tiger v. Quality Transp., Inc.***, 375 S.W.3d 925, 927 (Mo. App. S.D. 2012) (quoting ***Brown v. Morgan County***, 212 S.W.3d. 200, 204 (Mo. App W.D. 2007)); *see also* ***Georgescu v. K Mart Corp.***, 813 S.W.2d 298, 300 (Mo. banc 1991). That principle is equally applicable to the causation analysis here. Under a correct application of the standard of review, we defer to the Commission's factual finding based upon that reasonable inference. *See* ***Bivins***, 272 S.W.3d at 450.

Employer argues the Commission was not entitled to rely on the inference that Claimant tripped on a crack in the street because the facts were undisputed so the issue of whether the injury arose out of and in the course of the employment was a question of law. This argument is without merit because the facts were disputed. A party may contest evidence by cross-examining the witnesses "or by pointing out internal inconsistencies in the evidence." ***White v. Director of Revenue***, 321 S.W.3d 298, 308 (Mo. banc 2010). When the relevant facts are contested, the reviewing court defers to the factual determinations made by the Commission. ***Riley v. City of Liberty***, 404 S.W.3d 434, 441 (Mo. App. W.D. 2013) (quoting ***White***, 321 S.W.3d at 308); ***Bivins***, 272 S.W.3d at 450. Here, Employer cross-examined Claimant regarding the condition of the roadway and whether her shoes might have caused her to trip. Thus, the evidence of what caused Claimant to trip was disputed, and we defer to the Commission's determination of the disputed facts. *See* ***Bivins***, 272 S.W.3d at 450.

The Commission's factual determination that Claimant tripped on a crack in the street was supported by substantial evidence. Employer's first point is denied.

### Point III: Equally Exposed

In its third point, Employer argues Claimant failed to prove she was not equally exposed to the risk which caused her injury in her ordinary, nonemployment life. This argument is without merit because it does not employ a strict construction of the statute.

An injury is compensable under Missouri's workers' compensation law if it arises out of and in the course of the claimant's employment. *Duever v. All Outdoors, Inc.*, 371 S.W.3d 863, 866 (Mo. App. E.D. 2012). Section 287.020.3(2)[2] controls the determination of whether an injury is "deemed to have arisen out of and in the course of [the] employment." *Johme*, 366 S.W.3d at 509. That section provides as follows:

> An injury shall be deemed to arise out of and in the course of the employment only if:
>
> (a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and
>
> (b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

§ 287.020.3(2). In the present case, Employer does not challenge the Commission's finding that the September 15, 2009 incident was the prevailing factor in causing Claimant's injury. Consequently, the issue is limited to the

---

[2] This and all subsequent statutory references are to RSMo Cum. Supp. (2013).

construction and application of Section 287.020.3(2)(b).  *See **Johme***, 366

S.W.3d at 510.  Under the 2005 amendments to the workers' compensation law,

this Court is required to "construe the provisions of [the law] strictly."

§ 287.800.1.  That is, the "statute can be given no broader application than is

warranted by its plain and unambiguous terms."  ***Harness v. Southern***

***Copyroll, Inc.***, 291 S.W.3d 299, 303 (Mo. App. S.D. 2009).  Thus, we are

required to strictly construe the phrase, "risk or hazard unrelated to

employment," in identifying the exact risk or hazard Claimant faced here.

The Supreme Court of Missouri addressed the meaning of the statutory

language at issue here in ***Miller v. Missouri Highway and Transp. Com'n***,

287 S.W.3d 671, 672 (Mo. banc 2009), and in ***Johme***.  In ***Miller***, the claimant,

while at a worksite, was walking briskly toward his truck to get repair material for

the job.  287 S.W.3d at 671-72.  He felt a pop, and his knee began to hurt.  ***Id.*** at

672.  There was no evidence "the road surface, his work clothes or the job caused

any slip, strain or unusual movement[.]"  ***Id.***  The ALJ denied compensation, and

the Commission adopted the ALJ's decision.  ***Id.***  On appeal, the Supreme Court

of Missouri discussed the 2005 amendments to the workers' compensation law

and then affirmed the Commission's determination based on the following

reasoning:

> The meaning of these provisions is unambiguous.  An injury will not
> be deemed to arise out of employment if it merely happened to
> occur while working but work was not a prevailing factor and the
> risk involved—here, walking—is one to which the worker would
> have been exposed equally in normal non-employment life.  The
> injury here did not occur because Mr. Miller fell due to some
> condition of his employment.  He does not allege that his injuries
> were worsened due to some condition of his employment *or due to
> being in an unsafe location due to his employment*.  He was

9

walking on an even road surface when his knee happened to pop. Nothing about work caused it to do so. The injury arose during the course of employment, but did not arise out of employment.

*Id.* at 674 (emphasis added).

The Supreme Court of Missouri later elaborated on that reasoning in *Johme.* In *Johme*, the claimant, an office worker, fell after making a pot of coffee in the break room at her workplace. 366 S.W.3d at 505-06. The floor was not wet, and there were no hazards on the break room floor. *Id.* at 506. The Commission granted compensation, and the Supreme Court of Missouri reversed because it found *Miller* to be controlling. *Id.* at 510-11. The Court reasoned that under *Miller* the focus of the analysis is not on what the employee was doing, but rather whether the risk was one to which the employee was not equally exposed in nonemployement life. *Id.* at 511. That is, "[f]or an injury to be deemed to arise out of and in the course of the employment under [S]ection 287.020.3(2)(b), the claimant employee must show a causal connection between the injury at issue and the employee's work activity." *Id.* at 510. Together, *Miller* and *Johme* stand for the proposition that an unexplained injury is not compensable merely because the injury occurred at work. Neither case identified any risk or hazard that caused the injury to occur.

However, those cases do not address the question presented when the claimant is "in an unsafe location due to his employment." *Miller*, 287 S.W.3d at 574. Thus, *Miller* and *Johme* have been distinguished where there was evidence showing the reason for the injury. *See, e.g.*, ***Pope v. Gateway to the West Harley Davidson***, 404 S.W.3d 315, 318-19 (Mo. App. E.D. 2012); ***Duever***, 371 S.W.3d at 867-68; ***Stricker v. Children's Mercy Hosp.***, 304

10

S.W.3d 189, 192-93 (Mo. App. W.D. 2009). For example, in *Duever* the claimant was the operator of a company that provided snow and ice removal. 371 S.W.3d at 865. The claimant was injured when he slipped on ice in the parking lot on his way back to the office after a safety meeting with employees to discuss maintenance of tail lights on company trailers. *Id.* The Commission awarded compensation, and the employer appealed. *Id.* One of the employer's claims on appeal was that the accident did not arise out of and in the course of the employment. *Id.* at 867. The employer argued that since slipping on ice was a risk to which the employee was equally exposed in his nonworking life the injury was not compensable. *Id.* The appellate court disagreed and affirmed the Commission's decision. *Id.* In doing so, it distinguished *Miller* and *Johme* because unlike in *Miller* and in *Johme* the employee's job required him to be in an unsafe location. *Duever*, 371 S.W.3d at 867-68. That is, by rejecting the employer's argument the court implicitly determined the hazard was not the hazard of slipping on ice in general, but the hazard of slipping on that ice in that particular parking lot. Strictly construing Section 287.020.3(2)(b), we must use that same analysis to identify the specific risk or hazard to which Claimant was exposed here.

The present case is more like *Duever* than it is like *Miller* and *Johme.* As in *Duever*, there was evidence of a hazardous condition in the surface on which Claimant was walking, *i.e.*, there were cracks in the road that Claimant was required to cross, and it was a busy street that required her to pay attention to traffic. Furthermore, as in *Duever*, the fall occurred while Claimant was completing a task related to her work. Claimant's supervisor had asked Claimant

11

to go look at the new workstations, and Claimant would have reported any deficiencies she observed.  Finally, the accident occurred during the work day while Claimant was "on the clock[.]"  Claimant was exposed to cracks in that particular street because of her employment.  There is no evidence in the record that Claimant had any exposure to this particular hazard during her nonemployment life and therefore, the record could not support a conclusion by the Commission that she was equally exposed to that hazard in her nonemployment life, as urged by employer.

Point III is denied.

### Point II:  Arising out of and in the Course of the Employment

Finally, Employer argues the injury did not arise out of and in the course of Employee's work because the accident occurred on a public street which Employer did not control while Employee was on a break.  We disagree.

To receive workers' compensation benefits, the claimant must demonstrate the injury "was caused by an accident 'arising out of' and 'in the course of' [her] employment."  *Harness*, 291 S.W.3d at 305 (quoting § 287.120.1).  For the injury to be deemed to have arisen out of and in the course of the employment, the claimant must show a causal connection between the injury and her work activity.  *Porter v. RPCS, Inc.*, 402 S.W.3d 161, 172 (Mo. App. S.D. 2013).  More specifically, "[a]n injury 'arises out of' the employment if it is a natural and reasonable incident thereof and it is 'in the course of employment' if the accident occurs within the period of employment at a place where the employee may reasonably be fulfilling the duties of employment."  *Storie v. Americare Systems, Inc.*, 304 S.W.3d 254, 258 (Mo. App. S.D.

12

2010) (quoting *Automobile Club Inter-Ins. Exch. v. Bevel*, 663 S.W.2d 242, 245 Mo. banc 1984)).

Here, Claimant was walking across this particular street because her supervisor asked her to look at the new workstations. Consequently, there was a causal connection between Claimant's work activity and the accident. Furthermore, contrary to Employer's assertion that Claimant was on a break at the time of the accident, Claimant testified she was "on the clock" when the accident occurred. The Commission had the ability to weigh the conflicting testimony and determine that the injury did occur within the period of employment. The Commission's determination that the injury arose out of and in the course of the employment was supported by competent substantial evidence.

Employer's primary argument to the contrary is based on Section 287.020.5. An argument similar to the one Employer raises was rejected by the Eastern District of this Court in *Duever*. In that case, the court noted the revisions to Section 287.020.5 abrogated the extended premises doctrine for injuries that occurred on the way to work from home or on the way to home from work. *Duever*, 371 S.W.3d at 868. However, the court held the statute had no application where the employee was clearly on the job. *Id.* Here, Claimant was "on the clock" and her supervisor had requested that she make the trip across the street during her working hours. Claimant was not on her way to work or going home from work and that defense is not available.

There was sufficient competent evidence to support the Commission's determination that Claimant's injury arose out of and in the course of her employment. Claimant's third point is denied.

## **Conclusion**

The Commission's award is affirmed.


MARY W. SHEFFIELD, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

GARY W. LYNCH, J. - CONCURS