Mitchell MILLER, Appellant,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION, Re-
spondent.

No. SC 89960.

Supreme Court of Missouri,
En Banc.

June 30, 2009.

Joseph A. Brannon, Briscoe Roden-
baugh & Brannon, New London, MO, for
Appellant.

Mary Anne Lindsey, Robert E. Bidstr-
up, Sarah Kraft, Evans & Dixon, L.L.C.,
St. Louis, MO, for Respondent.

LAURA DENVIR STITH, Chief
Justice.

Mitchell Miller, an employee of the Mis-
souri Highway and Transportation Com-
mission (MHTC), appeals the denial of
workers' compensation benefits. Mr. Mil-
ler experienced a "popping" of his knee,
followed by pain, while walking briskly at
work. It is undisputed that the injury
occurred while he was at work but that
nothing about the work caused the injury.
The Administrative Law Judge (ALJ)
found that the injury did not arise out of
employment and denied Mr. Miller's work-
ers' compensation claim. The Labor and
Industrial Relations Commission ("Com-
mission") affirmed, as does this Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are uncontested.
On September 29, 2005, Mr. Miller was

working with his MHTC crew repairing a section of road on Route N in Pike County. Mr. Miller says he was walking briskly toward the truck containing repair material when he felt a pop and his knee began to hurt. He frankly admits that his work did not require him to walk in an unusually brisk way; that he normally walks briskly at home and did nothing different than usual when walking at work that day; that nothing about the road surface, his work clothes or the job caused any slip, strain or unusual movement; and that he did not fall or otherwise sustain any additional injuries due to the popping. He just felt a pop. A subsequent MRI suggested a tear of the inferior aspect of the meniscus; later surgery instead found and repaired an impinging medial shelf plica.

Mr. Miller reported the injury to MHTC, as required by section 287.420, RSMo Supp.2005.[1] MHTC denied compensation, finding the injury was not work-related. Mr. Miller thereafter sought treatment utilizing his health insurance and timely sought a hearing on his claim. The ALJ found that Mr. Miller failed to meet his burden of proving that he suffered a compensable injury as a result of a work-related accident arising out of and in the course of his employment. § 287.808. The commission adopted the ALJ's decision. Following decision by the Missouri Court of Appeals, Eastern District, the case was transferred to this Court. Mo. Const. art. V, sec. 10.

## II. STANDARD OF REVIEW

On appeal, this Court determines whether the commission's decision is "supported by competent and substantial evidence upon the whole record." Mo. Const. article V, § 18. In reviewing the decision:

A court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1, RSMo 2000.

A court must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence. Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record.

*Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003) (citation and footnote omitted). When the relevant facts are not in dispute, the issue of whether an accident arose out of and in the course of employment is a question of law requiring *de novo* review. *Cox v. Tyson Foods, Inc.*, 920 S.W.2d 534, 535 (Mo. banc 1996).

## III. INJURY DID NOT ARISE OUT OF EMPLOYMENT

### A. Governing Provisions of Missouri Workers' Compensation Act

Section 287.020.2 was amended in 2005 to narrow the definition of accident:

2. The word "accident" as used in this chapter shall mean an unexpected traumatic event or unusual strain identifiable by time and place of occurrence and

---

1. All other statutory references are to RSMo Supp.2005 unless otherwise stated.

producing at the time objective symptoms of an injury caused by a specific event during a single work shift. An injury is not compensable because work was a triggering or precipitating factor. § 287.020.2. The definition of "injury" in section 287.020.3 also was amended to require that the accident be the prevailing factor, rather than merely a substantial factor, in causing the resulting medical condition and disability:

> 3. (1) In this chapter the term "injury" is hereby defined to be an injury which has arisen out of and in the course of employment. An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability. "The prevailing factor" is defined to be the primary factor, in relation to any other factor, causing both the resulting medical condition and disability.

§ 287.020.3(1). Section 287.020.3(2) also was revised to narrow the scope of those injuries that will be deemed to arise out of and in the course of employment:

> (2) An injury shall be deemed to arise out of and in the course of the employment only if:
>
> (a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor in causing the injury; and
>
> (b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

§ 287.020.3(2).

Prior to the 2005 amendments, the act's provisions were required to be construed liberally in favor of compensation. § 287.800, RSMo 2000. In 2005, the act was revised to provide that its provisions are to be construed strictly and to require the evidence to be weighed impartially without giving any party the benefit of the doubt. § 287.800.

### B. The Act Does Not Permit Recovery Here

Mr. Miller does not assert that the act as revised is not constitutional or that the above provisions are not determinative of his right to compensation. Rather, he claims that under these revised provisions, he is entitled to recover. Accordingly, this Court limits its analysis to that issue.

The uncontested facts show that the injury occurred at work, in the course of employment, but that it did not arise out of employment. Section 287.020.3(2)(b) states that an injury shall be deemed to arise out of employment only if "[i]t does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal non-employment life." Section 287.020.2 further states that, "an injury is not compensable because work was a triggering or precipitating factor."

Mr. Miller notes that *Bennett v. Columbia Health Care*, 80 S.W.3d 524 (Mo.App. 2002), permitted recovery on very similar facts. In *Bennett*, a nurse's knee "popped" while she walked around a bed and again when she climbed a flight of stairs to treat a patient. The ALJ found she "did not sustain an accident arising out of and in the course of her employment...." *Id.* at 527. This holding was based "strictly on the fact that walking and going up stairs are normal activities of daily life to which the claimant was equally exposed outside of her employment, and that there was no fall, twisting, jerking or loss of balance." *Id.* The commission affirmed. The appellate court reversed the commission's finding that an "injury caused or aggravated by walking could not be considered as 'arising out of Bennett's employment." *Id.* at 531. It remanded

for a factual determination whether the "work was a substantial factor in causing the injury." *Id.* at 532.

Were the reasoning of *Bennett* applied here, Mr. Miller would be entitled to compensation because his injury, like that of the nurse in *Bennett,* would not have occurred had he not been walking at work, even though nothing about the work caused the popping or the resulting medical condition and disability. Whether the revision of section 287.800 to provide that its provisions are to be construed strictly would in itself be sufficient to undercut reliance on *Bennett* need not be determined. In addition to the changes noted above, the 2005 amendments specifically abrogate the interpretation of the act in *Bennett* and similar cases:

> In applying the provisions of this chapter, it is the intent of the legislature to reject and abrogate earlier case law interpretations on the meaning of or definition of "accident", "occupational disease", "arising out of", and "in the course of the employment" to include, but not be limited to, holdings in: *Bennett v. Columbia Health Care,* 80 S.W.3d 524 (Mo.App.2002); *Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852 (Mo. banc 1999); and *Drewes v. TWA,* 984 S.W.2d 512 (Mo. banc 1999) and all cases citing, interpreting, applying, or following those cases.

§ 287.020.10.[2]

▆ The meaning of these provisions is unambiguous. An injury will not be deemed to arise out of employment if it merely happened to occur while working

but work was not a prevailing factor and the risk involved—here, walking—is one to which the worker would have been exposed equally in normal non-employment life. The injury here did not occur because Mr. Miller fell due to some condition of his employment. He does not allege that his injuries were worsened due to some condition of his employment or due to being in an unsafe location due to his employment. He was walking on an even road surface when his knee happened to pop. Nothing about work caused it to do so. The injury arose during the course of employment, but did not arise out of employment. Under sections 287.020.2, .3 and .10 as currently in force, that is insufficient.

Mr. Miller does not argue that these sections of the act are inapplicable, nor does he claim any constitutional issue bars the act's application here. Indeed, Mr. Miller's brief does not even mention section 287.020.10 or the effect of the legislature's abrogation of the principles set out in *Bennett* and similar cases. Accordingly, the injury is not compensable, as there is no causal connection of the work activity to the injury other than the fact of its occurrence while at work.

## IV.  CONCLUSION

The commission's decision is affirmed.

PRICE, RUSSELL, WOLFF, BRECKENRIDGE and FISCHER, JJ., concur.

TEITELMAN, J., dissents in separate opinion filed.

---

2.  *Kasl v. Bristol Care, Inc.,* 984 S.W.2d 852 (Mo. banc 1999), and *Drewes v. TWA,* 984 S.W.2d 512 (Mo. banc 1999), interpreted section 287.020, as amended in 1993, to permit recovery where the employee's injury-causing act involved risks to which one would be exposed equally outside of work, finding that the acts would not have occurred if the employee were not at work. *Kasl* involved the manager of a residential care facility whose left foot "fell asleep" while she was sitting waiting to dispense medication. Unaware that her foot had fallen asleep, she fell and broke her left ankle upon arising. *Drewes* involved an employee who fell and injured her ankle while carrying her lunch in a break room at work while walking across a clear floor area, without apparent cause.

RICHARD B. TEITELMAN, Judge dissenting.

I respectfully dissent. Mitchell Miller sustained an injury while performing a necessary work-related task. He should receive workers' compensation benefits.

To receive workers' compensation benefits, there must be an "accident." As the principal opinion notes, an "accident" requires proof of an "unexpected traumatic event or unusual strain" caused by a specific event at work. *Section* 287.020.2. Miller, an experienced highway worker, elected to walk "briskly" to facilitate the completion of ongoing highway repair work. There is no indication that Miller's actions were anything other than an attempt to accomplish the task at hand diligently and efficiently. As a direct result of his efforts on behalf his employer, Miller suffered a sudden, unexpected injury. Although the amended definition of the term "accident" provides that an injury is not compensable "because work was a triggering or precipitating factor," this language does nothing more than establish that an injury is not compensable solely because it is work-related. This language simply emphasizes the requirement that the worker must establish the existence of a specific and unexpected or unusual event that caused a work-related injury. Miller has established that there was an "accident."

Having established that there was an "accident," Miller also must establish that the accident resulted in a compensable "injury." A compensable "injury" is "an injury which has arisen out of and in the course of employment" and is the "prevailing factor" in causing the medical condition or disability. *Section 287.020.3.* An injury is not deemed to arise out of and in the course of employment if the worker would have equally been exposed to the hazard or risk in normal non-employment life. *Section 287.020.3(1).*

The injury was sustained while performing a necessary work-related task. The medical testimony at the hearing established that the prevailing factor in Miller's injury was the specific incident in which Miller injured his knee while working. The dispositive issue then becomes whether Miller's performance of necessary, work-related duties is a risk to which he would have equally been exposed in normal non-employment life.

The phrase "equally exposed" in the statute does not mean "similar to" or "analogous." The statute means what it says, and it says that the risks must be equal. The fact that Miller occasionally walks "briskly" while not at work does not necessarily mean that he is "equally exposed" to the risks of walking while not at work. The physical and mental fatigue caused by a hard day of physical work usually does not accompany a recreational walk around the neighborhood. Common experience teaches that one is far more likely to sustain injury when fatigued than when rested. There is no obvious equality between Miller's physical labor while working on highways and a recreational walk around the neighborhood. Consequently, I would hold that the equal exposure rule of section 287.020.3(1) does not apply.

The commission's decision should be reversed. Miller should receive workers' compensation benefits.