**Ruth BAILEY, Claimant–Appellant,**

v.

**PHELPS COUNTY REGIONAL MEDICAL CENTER, Employer–Respondent.**

**No. SD 30794.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 21, 2010.

James J. Logan, Kirkwood, for Appellant.

Todd Laurence Beekley, Bradley L. McChesney, St. Louis, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Ruth Bailey ("Appellant") appeals from the denial of her claim for workers' compensation benefits. The Labor and Industrial Relations Commission ("the Commission") found that the injury, which occurred while Appellant was employed by and at Phelps County Regional Medical Center ("Employer"), did not arise out of the course and scope of employment. We affirm the decision of the Commission.

Appellant's brief fails to substantially comply with Rule 84.04.[1] Appellant's

1. All rule references are to Missouri Court Rules (2010), unless otherwise specified.

statement of facts consists of six sentences. Rule 84.04(c) requires an appellant to provide this Court with "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Appellant's statement of facts and argument section have no specific page references to the legal file or transcript, as required by Rule 84.04(i). Compliance with Rule 84.04(i) " 'is mandatory and essential for the effective functioning of appellate courts, which cannot spend time searching the record to determine if factual assertions are supported by the record.' " *Yates v. Briggs & Stratton,* 302 S.W.3d 776, 777 (Mo.App. S.D.2010) (quoting *Brown v. Shannahan,* 141 S.W.3d 77, 80 (Mo.App. E.D.2004)). " 'An argument that violates Rule 84.04(i) wholly fails to preserve any error for review.' " *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 147 (Mo.App. W.D. 2007) (quoting *Cooper v. Bluff City Mobile Home Sales, Inc.,* 78 S.W.3d 157, 165 (Mo. App. S.D.2002)). Appellant's violations of Rule 84.04(c) and Rule 84.04(i), standing alone, warrant dismissal of this appeal. *Yates,* 302 S.W.3d at 777.

Appellant's point relied on is slightly longer than the statement of facts. In it, she claims:

THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED IN ITS FINDINGS THAT THE FACTS AND EVIDENCE IN THE CASE DID NOT ESTABLISH THAT RUTH ANN BAILEY DID NOT HAVE AN ACCIDENT THAT AROSE OUT OF AND IN THE COURSE AND SCOPE OF EMPLOYMENT. THE DECISION HAS REVERSIBLE ERROR BECAUSE THE COMMISSION RELIED ON THE CASE OF *BIVINS V. ST. JOHN'S REGIONAL HEALTH CENTER,* 272 S.W.3d 446 [Mo.App. S.D. 2008]. THE BIVINS CASE WAS A MAJOR RATIONALE FOR THE DECISION.

IN THE CONTEXT OF THIS CASE THE COMMISSION IN RELIANCE OF BIVINS CONCLUDED ERRONEOUSLY THAT THE FACTS DID NOT GIVE RISE TO AN ACCIDENT ARISING OUT OF AND IN THE SCOPE OF EMPLOYMENT. THERE IS MUCH RELIANCE ON HER ALLEGED LACK OF CREDIBILITY BASED ON CONFLICTING HISTORIES GIVEN TO THE VARIOUS TREATING DOCTORS. WHEN VIEWED IN THE TOTALITY OF EVEIDENCE [SIC] PRODUCED AND TESTIMONY GIVEN BY RUTH ANN BAILEY SHE CLEARLY SET OUT AN ACCIDENT ARISING OUT OF AND IN THE COURSE OF HER EMPLOYMENT WITH THE PHELPS COUNTY REGIONAL MEDICAL CENTER.

Rule 84.04(d)(2) requires each point relied on to "(A) identify the administrative ruling or action the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Appellant's point does not comply with Rule 84.04(d) in that it does not tell us the law on which she bases her claim of error, nor does she tell us how, although she uses the words "in the context of the case," the facts in her case support her claim of error. Points relied on that do not comply with Rule 84.04(d) present nothing for appellate review. *Coale v. Hilles,* 976 S.W.2d 61, 65 (Mo.App. S.D.1998). To interpret Appellant's point as written would force us to advocate for Appellant, which we cannot do. *Christomos v. Holiday Inn Branson,* 26 S.W.3d 485, 487 (Mo.App. S.D.2000). We would be justified in dismissing the appeal for these violations alone.

Appellant's argument section of her brief is of limited assistance in trying to discern her claim. She states the Commission relied upon the *Bivins* case, although there is no cite in the argument to support that claim and, more importantly, the *Bivins* case is not mentioned in the award. Appellant then argues the differences between *Bivins* and her case. She states she was on duty and was walking quickly because she was called to the nurses' station. She gives no other facts in her argument about her injury. Again, there is no citation to any legal authority other than *Bivins* to support her claim for benefits.

The violations of Rule 84.04 found in Appellant's brief seriously hinder our review. "Failure to substantially comply with Rule 84.04 preserves nothing for review and warrants dismissal of an appeal." *McCullough v. McCullough*, 195 S.W.3d 440, 442 (Mo.App. S.D.2006). Nevertheless, we have gratuitously reviewed Appellant's claim.

 Respondent argues that Appellant failed to cite the appropriate standard of review, failed to explain how the facts found by the Commission do not support the award, and failed to explain why there was not sufficient competent evidence in the record to warrant the making of the award. We agree.

Respondent claims that Appellant was walking down the hall when her knee simply popped out of place; Respondent states the Commission actually relied upon *Miller v. Missouri Highway and Transportation*, 287 S.W.3d 671 (Mo. banc 2009), in denying the claim. Respondent argues that the Commission did not err in making that finding because Appellant failed to prove a rational connection between the accident, injury, and employment.

 When reviewing a decision of the Commission, this Court

"must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the award, i.e., whether the award is contrary to the overwhelming weight of the evidence. Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record."

*Id.* at 672 (quoting *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003)). We defer to the Commission on issues concerning credibility and weight to be given conflicting evidence. *Kent v. Goodyear Tire & Rubber Co.*, 147 S.W.3d 865, 868 (Mo.App. W.D. 2004).

The Commission relied upon *Miller*. Appellant has cited to nothing that distinguishes *Miller* from her case.[2] The Commission determined that Appellant's knee simply popped out of place while she was walking. While there was evidence provided by Appellant that contradicts that factual finding, the determination is supported by the facts in evidence of statements made by Appellant to her treating physicians. Furthermore, there is sufficient competent evidence in the record to warrant the making of the award.

The judgment is affirmed.

SCOTT, C.J., FRANCIS, J., concur.

---

2. Appellant's injury may very well be distinguishable from *Miller*. The record may support a finding that her injury arose out of and in the course of her employment and that employment was the prevailing factor in causing her injury; however, unless we become Appellant's advocate, which we cannot do as explained previously, we cannot make that determination.