Ulysses WHITE (Deceased); Patricia
White, Appellant,

v.

CONAGRA PACKAGED FOODS,
LLC, Respondent.

No. SC 96041

Supreme Court of Missouri,
en banc.

Opinion issued December 19, 2017

White was represented by Todd C. Werts, Bradford B. Lear and Sander C. Sowers of Lear Werts LLP in Columbia, (573) 865-1991.

ConAgra was represented by Douglas M. Greenwald and Thomas J. Walsh of McAnany, Van Cleave & Phillips PA in Kansas City, Kansas, (913) 371-3838.

Paul C. Wilson, Judge

Patricia White ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("Commission") denying workers' compensation for the death of her husband, Ulysses White ("White"). White suffered a fatal cardiovascular event while at work. Claimant contends the Commission erred by applying the wrong burden of proof to claims under sections 287.120 and 287.020 [1] of the workers' compensation statutes. This Court has jurisdiction over this appeal under article V, section 10, of the Missouri Constitution. This Court affirms the decision of the Commission because Claimant failed to establish the accident was the prevailing factor in causing the injury, as required by section 287.020.3(4).

## Background

Ulysses White worked for ConAgra Packaged Foods for 24 years in Marshall, Missouri. At the time of his death, White was working as a machinist in ConAgra's machine shop making parts for the production line. His job required him to operate machinery such as mills and lathes. For safety purposes, he was required to wear long sleeves, pants, steel-toed boots, and a hard hat. The machine shop did not have air conditioning, but, to cool the shop, fans were brought in and the doors and windows were regularly left open.

The temperature was extremely hot the week of White's death, rising above 100 degrees on several occasions. Upon arriving at work on the morning of June 30, 2012, White spoke with his supervisor, who warned him to watch for signs of heat stress. White then began working in the machine shop. Around 9:00 a.m., White walked to the waste water system pump to ensure it was running properly after a scheduled power outage. After doing so, White returned to the machine shop where he worked until he took a 30-minute lunch break at 11:00 a.m. Around 11:45 a.m., a co-worker found White collapsed on the floor. Despite receiving medical attention, White died later that day. An autopsy revealed the cause of White's death was "a cardiac arrhythmia resulting from severe coronary artery disease." [2]

At the time of his death, White possessed many of the traditional risk factors

1.  All statutory references are to RSMo Supp. 2005, unless otherwise noted.

2.  Claimant seeks to distinguish her claim from one in which the employee suffered a "heart attack," i.e., an infarction in which an arterial blockage stops blood flow to the heart muscles. This distinction, however, is not material to the issues at hand. Whether the employee's death or other injury results from an infarction or from arrhythmia brought on by severely restricted (but not blocked) coronary arteries as in the present case, the injury (i.e., death or damage to heart, brain, or other tissues) remains the same. For ease of reference, therefore, this opinion refers to these collectively as "cardiovascular events."

for severe coronary artery disease, e.g., hypertension, dyslipidemia, history of smoking, lack of regular exercise, poor performance on stress tests, and cardiac enlargement. Despite these risk factors, White still lived an active lifestyle and—in addition to his work—was able to perform maintenance around his house and yard.

In January 2013, Claimant filed a claim for workers' compensation. At a hearing before an administrative law judge ("ALJ"), Claimant and ConAgra presented conflicting expert witness testimony about the cause of White's death. Claimant presented expert testimony from Dr. Stephen Schuman, who opined the "work activities of 06/30/12 were the prevailing factor causing [White's] cardiac arrest and death." ConAgra responded with the expert testimony of Dr. Michael Farrar, who opined White "died of sudden cardiac death related to the prevailing causes of underlying severe coronary artery disease and hypertensive heart disease, caused by traditional risk factors." The ALJ denied compensation.

Claimant appealed to the Commission. The Commission affirmed the decision of the ALJ with a supplemental opinion. In the supplemental opinion, the Commission first determined White suffered an accident because White's "death at work was an unexpected traumatic event." Second, the Commission addressed the issue of medical causation. In doing so, the Commission answered the question of whether "work was the prevailing factor in causing the alleged accident." After weighing the

expert testimony, the Commission concluded Claimant had not met her burden of establishing medical causation. The Commission relied on Dr. Farrar's testimony in concluding White's work activities were not the prevailing factor in causing his cardiovascular event. The Commission was not persuaded by Dr. Schuman's testimony because the Commission found he "did not possess the necessary factual foundation to support his theory."[3]

## Analysis

On appeal, this Court reviews decisions by the Commission to ensure they are "supported by competent and substantial evidence." Mo. Const. article V, sec. 18. The Commission's decision will only be disturbed if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. § 287.495.1, RSMo 2000. Decisions involving statutory interpretation, however, are reviewed *de novo*. *Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 686 (Mo. banc 2010).

Under section 287.120.1, a claimant seeking workers' compensation benefits first must show that the "personal injury or death" of an employee was caused by[4] an "accident." An "accident" for purposes of section 287.120.1 is: (a) "an unexpected traumatic event or an unusual strain;" (b) "identifiable by time and place of occur-

---

**3.** The Commission rejected Dr. Schuman's opinion because: (1) he was not aware of any specific physical exertions by White, other than a vague reference to "some isometric component" in operating a lathe; (2) he incorrectly assumed White was using the lathe continuously from 6:30 a.m. to 11:30 a.m. on the day in question; and (3) he admitted he did not know the actual temperature in the

machine shop that morning, despite stating this was a necessary component of his opinion.

**4.** "An injury by accident is compensable only if the accident was the prevailing factor in causing both the resulting medical condition and disability." § 287.020.3(1).

rence;" (c) "producing . . . objective symptoms of an *injury;*" and (d) "caused by a specific event during a single work shift." § 287.020.2 (emphasis added). "Injury" means any "violence to the physical structure of the body." § 287.020.3(5). " 'Death' when mentioned as a basis for the right to compensation means only death resulting from such violence and its resultant effects. . . ." § 287.020.4.

But when an employee is injured or killed due to a cardiovascular event at work, the foregoing general framework is augmented by a statute addressing such situations specifically. Section 287.020.3(4) provides that a death or other condition resulting from a cardiovascular event [5] "suffered by a worker is an injury *only if* the accident is the prevailing factor in causing the resulting medical condition." § 287.020.3(4) (emphasis added). Accordingly, such cases are not exempt from the ordinary accident/injury rubric set forth in section 287.120.1, and section 287.020.3(4) addresses how that rubric is to apply in these special circumstances. [6]

In a simple slip-and-fall case, the accident and the employee's injury usually are distinct and easily identifiable. It can be harder, however, in cases involving cardiovascular events. This case provides a good illustration. The ALJ found that White's cardiovascular event and death were the "injury" but concluded Claimant failed to prove there was an "accident" as defined in section 287.020.1 and .2. The Commission, on the other hand, found there was

an "accident" because White's "death at work was an 'unexpected traumatic event' " but failed to identify what "injury" this accident caused.

■ Section 287.020.3(4) makes it clear that—when a cardiovascular event kills or injures an employee at work—the claimant must show: (1) there was an "accident," e.g., some specific trauma or strain of the sort required by section 287.020.2; (2) there was an "injury," e.g., a cardiovascular event resulting in death or damage to heart muscles, the brain, or other tissues; and (3) the former was the prevailing factor in causing the latter.

■ Even though the Commission failed to identify accurately the "accident" (i.e., the unusual strain on White due to the extraordinary heat) and the "injury" (i.e., death resulting from ischemia-induced arrhythmia), it accurately identified the key issue in this case, i.e., whether the accident was the prevailing factor in causing the injury. On this central factual question, the Commission was presented with competing expert opinions. This is precisely the type of conflict the Commission is empowered to resolve. In this case, the Commission was not persuaded by Dr. Schuman's testimony as to whether the heat-induced unusual strain in White's job was the prevailing factor in causing the cardiovascular event resulting in his death and, instead, believed Dr. Farrar's testimony that it was not. As a result, the Commission's decision

---

5. The subject of section 287.020.3(4) is broader than the collection of events identified in this opinion as "cardiovascular events." It also refers to "pulmonary, respiratory, or other disease, or cerebrovascular accident," which are not at issue in this case.

6. In addition to showing that a qualifying "accident" was the prevailing factor in causing the employee's "injury," § 287.020.3(1), a claimant must show the employee's injury

"[arose] out of and in the course of the employee's employment." § 287.120.1. In this case, because the Commission was not persuaded the accident (i.e., unusual stress) at White's work was the prevailing factor in causing the cardiovascular event that resulted in his death, the Commission did not reach—or need to reach—the question of whether it arose "out of and in the course of" his employment.

is supported by competent and substantial evidence and must be affirmed. *Miller v. Mo. Highway and Transp. Comm'n*, 287 S.W.3d 671, 674 (Mo. banc 2009).

■ Claimant argues in her first point relied on that "the Commission misconstrued § 287.020 in that it improperly applied the 'prevailing factor' burden of proof, rather than the 'preponderance of the evidence' standard, to the question of whether Mr. White's accident arose out, and in the course, of his employment." The Court rejects this claim because the Commission did not address—and did not need to address—the question of whether White's accident (or injury) arose "out of or in the course of" his employment. That requirement, which is imposed under section 287.120.1 (and defined in section 287.020.3(2)), is in addition to and distinct from the requirement imposed under section 287.020.3(4) that death or damage resulting from a cardiovascular event "is an injury only if the accident is the prevailing factor in causing the resulting medical condition." Accordingly, the Commission did not err in applying the "prevailing factor" standard to this latter question and denying the claim on that basis.

Claimant also contends the Commission erred in denying benefits because, in addition to Dr. Schuman's testimony, the Commission should have been persuaded by her testimony that White was under unusual strain because he had worked five 12-hour days leading up to the day he died. To the extent Claimant's testimony was offered to show there was an accident (i.e., an unusual strain) at White's work, there seems to have been little dispute about this and the Commission implicitly found (or at least assumed) that this was so.

But to the extent Claimant's testimony was offered to show this accident was the prevailing factor in causing White's injury (i.e., his death as a result of the cardiovascular event), the Commission explicitly rejected her lay opinion on that subject. The Commission concluded: "Because the cardiac pathology leading up to and causing employee's death is, in our estimation, beyond the realm of lay understanding, we find that the failure to present persuasive expert testimony on the issue of medical causation prevents us from rendering an award in claimant's favor." Accordingly, the Commission fully considered Claimant's testimony, found it persuasive on some issues and unpersuasive on others.[7] Because the Court finds no error in the Commission's treatment of Claimant's testimony, her second point relied on is denied.

### Conclusion

For these reasons, this Court affirms the Commission's decision.

Fischer, C.J., Draper, Russell, Breckenridge and Stith, JJ., concur.

Powell, J., not participating.

---

7. The Commission noted in its decision that Claimant had asserted but, apparently, did not pursue an "occupational disease" claim before the ALJ. Noting Dr. Schuman's testimony, instead, addressed only an "accident" theory and, more specifically, focused solely on the working conditions and White's exertions on the morning before he died, the Commission concluded it was "unable to consider whether, for example, the cumulative strain of working consecutive 12-hour days in hot weather may have played any role in the cardiac event that caused employee's death."