

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| MARAL ANNAYEVA, | ) | *Opinion issued March 17, 2020* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC98122 |
| | ) | Consolidated with |
| SAB OF THE TSD OF THE CITY | ) | No. SC98124 |
| OF ST. LOUIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TREASURER OF MISSOURI AS | ) | |
| CUSTODIAN OF THE SECOND | ) | |
| INJURY FUND, | ) | |
| | ) | |
| Respondents. | ) | |

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

Maral Annayeva appeals a decision from the Labor and Industrial Relations Commission ("Commission") denying her claim for workers' compensation benefits for injuries sustained when she fell while entering her place of work. Annayeva failed to prove her injury arose out of and in the course of her employment; therefore, the Commission's denial of workers' compensation benefits is affirmed.

**Factual Background and Procedural History**

Maral Annayeva worked as an English as a second language teacher at Roosevelt High School in St. Louis. On January 8, 2013, Annayeva drove to Roosevelt, parked in the school parking lot, and walked into the school carrying a bag containing various folders, student papers, and lesson plans. Annayeva entered the school through a set of double doors, passed a security guard station, and headed toward the room where she clocked-in. At some time during the walk, Annayeva slipped on Roosevelt's linoleum floor, causing her to fall forward and land on her hands and knees. Annayeva was taken for treatment to the school nurse's office, where she filled out an accident report noting she could not determine what had caused her to slip and fall.

Annayeva then went to the emergency room at St. Mary's Hospital complaining of back and knee pain. She returned to the emergency room the next day due to the pain she was experiencing. After missing a few days of work due to the accident, Annayeva returned to work for several days but stopped after having difficulties teaching. She did not work again until August 2013, when the new school year began. She worked for two days but again stopped after experiencing too much pain. Annayeva testified she experienced pain in her legs, back, head, right thigh, right hip, neck, arms, right shoulder and fingers. Additionally, Annayeva complained of breathing problems, stomach problems, liver problems, anxiety, depression, dizziness, nausea, face drooping, and cysts on her fingers. For her ailments, Annayeva sought and received an extensive list of medical

2

treatments[1] including: injections, x-rays, physical therapy, spinal adjustments, an MRI, and water therapy, as well as several other doctor's visits, medical tests, and medications.

In addition to her testimony, Annayeva presented evidence of her medical records, transcripts of doctors' depositions, and medical bills. The Special Administrative Board of the Transitional School District of the City of St. Louis ("SAB") presented deposition testimony of three other doctors who evaluated Annayeva and one other doctor's medical records. The ALJ denied Annayeva any workers' compensation benefits, noting:

> [Annayeva] has failed to provide credible testimony to this Court. It is clear [Annayeva's] description of her injuries and their subsequent effects verge on the point of malingering. As all, if not most, of [Annayeva's] medical expert testimony relies . . . on [Annayeva's] own subjective description of her maladies[.] There is little or no objective medical finding to support any of [Annayeva's] anomalies. [Annayeva] has not met her burden of showing the incident of January 8, 2013 was the prevailing factor causing the physiological and/or psychological complaints.

Annayeva appealed the ALJ's denial of benefits to the Commission, which affirmed the ALJ's decision with a supplemental opinion.[2] In its supplemental opinion, the Commission held Annayeva failed to establish that her injury arose out of her employment. The Commission determined any evidence, including Annayeva's testimony,[3] regarding the soiled condition of the floor on the day of her accident was not credible and held,

---

[1] SAB referred Annayeva to Concentra for medical treatment. After evaluation, Concentra provided her with a knee brace and ordered physical therapy, which Annayeva attended twice. The remainingmedical treatments were sought by Annayeva individually.

[2] When the Commission adopts the findings of the ALJ, appellate courts review those findings as if originally made by the Commission. § 287.495.1, RSMo 2000.

[3] Annayeva testified the condition of the linoleum floor on the day of the accident was "normal" but, after being repeatedly questioned by her attorney, she recanted this answer and testified the floor was covered by particles of dirt, ice, dust, and moisture.

"[w]ithout additional support in the record for the alleged hazardous condition of the hallway floor, we find that the only risk source in this matter was that of walking, one to which [Annayeva] would have been equally exposed in normal non-employment life." After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, § 10.

## Standard of Review

This Court reviews all final decisions, findings, rules, and orders of the Commission to determine "whether the same are supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, § 18. The Commission's decision will be affirmed unless: "(1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award." *White v. ConAgra Packaged Foods, LLC*, 535 S.W.3d 336, 338 (Mo. banc 2017); § 287.495.1, RSMo 2000.[4] "Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the [C]ommission within its powers shall be conclusive and binding." § 287.495.1, RSMo 2000. In addition to findings of fact, this Court also defers to the Commission's determinations as to credibility of witnesses and the weight given to conflicting evidence. *Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 664 (Mo. banc 2015).

---

[4] All statutory references are to RSMo Supp. 2008, unless otherwise provided.

4

**Analysis**

Missouri's Workers' Compensation Law ("Act") was amended in 2005 "to provide that its provisions are to be construed strictly and to require the evidence to be weighed impartially without giving any party the benefit of the doubt." *Miller v. Mo. Highway and Transp. Comm'n*, 287 S.W.3d 671, 673 (Mo. banc 2009)[5]; § 287.800. Under the Act, an injury is compensable only when the claimant demonstrates the injury has arisen out of and in the course of employment. § 287.020.3(1); *Johme v. St. John's Mercy Healthcare*, 366 S.W.3d 504, 509 (Mo. banc 2012) ("[T]he workers' compensation claimant[] bears the burden of proof to show that her injury was compensable in workers' compensation.").

> An injury shall be deemed to arise out of and in the course of employment only if:
>
> (a) It is reasonably apparent, upon consideration of all the circumstances, that the accident is the prevailing factor[6] in causing the injury; and
>
> (b) It does not come from a hazard or risk unrelated to the employment to which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life.

§ 287.020.3(2)(a)-(b). "For an injury to be deemed to arise out of and in the course of the employment under section 287.020.3(2)(b), the claimant employee must show a causal connection between the injury at issue and the employee's work activity." *Johme*, 366 S.W.3d at 510.

---

[5] "Prior to the 2005 amendments, the [A]ct's provisions were required to be construed liberally in favor of compensation." *Id.* at 673.

[6] "'The prevailing factor' is defined to be the primary factor, in relation to any other factor, causing both the resulting medical condition and disability." § 287.020.3(1) (emphasis omitted).

This Court recognized in *Miller* and *Johme* that failure to prove the hazard or risk causing the employee injury was related to employment to which the employee would not have been equally exposed outside of work is fatal to an employee's workers' compensation claim.

In *Miller*, a road crew worker was repairing a section of road on Route N in Pike County. *Miller*, 287 S.W.3d at 672. While walking on the flat road back to a truck containing repair material, Miller felt his knee pop. *Id.* Miller required surgery to repair an impinging medial shelf plica. *Id.* Miller sought workers' compensation benefits, which the Commission denied. *Id.* This Court affirmed the Commission's decision, holding Miller failed to prove his injury arose out of and in the course of his employment because nothing about his work transformed his walk to the truck into a hazard or risk he was not equally exposed to in normal, nonemployment life. *Id.* at 674. Said differently, an injury occurring at work does not automatically make such an injury compensable; some condition of employment must create a hazard or risk the employee would not be equally exposed to in normal, nonemployment life. *Id.*[7]

In *Johme*, a billing representative at a hospital tripped and fell after making a pot of coffee in the workplace kitchen. 366 S.W.3d at 505-06. Johme sought workers' compensation benefits, which the Commission awarded. *Id.* at 507. This Court reversed, holding Johme failed to prove her injury arose out of and in the course of her employment because no evidence demonstrated her injury was caused by a risk related to her

---

[7] "An injury is not compensable because work was a triggering or precipitating factor." § 287.020.2.

employment activity as opposed to a risk she was equally exposed to in normal life. *Id.* at 512.

Annayeva attempts to distinguish her situation from those cases by arguing the condition of Roosevelt's linoleum floor on the day of the accident was a hazard or risk she was not exposed to in her normal, nonemployment life. The Commission found the only evidence presented regarding the floor's condition was Annayeva's testimony that the floor was covered with particles of dirt, ice, dust, and moisture. The Commission, however, determined this testimony was not credible.[8] Because this Court is bound by the

---

[8] Annayeva contends the Commission's determination that her testimony was not credible was not supported by competent and substantial evidence on the whole record. This contention misunderstands the nature of that requirement. Only factual findings that are necessary to make an award for the employee must be supported by competent and substantial evidence on the whole record. *See* Mo. Const. art. V, § 18; § 287.495.1, RSMo 2000; *White*, 535 S.W.3d at 338. Credibility determinations, on the other hand, do not and – once expressed by the Commission – are binding on this Court. *Greer*, 475 S.W.3d at 664. Annayeva's overall burden of proof is made up of two separate burdens, the burden of persuasion and the burden of production. *Krispy Kreme Doughnut Corp. v. Dir. of Revenue*, 488 S.W.3d 62, 67 (Mo. banc 2016). "The burden of [production] is a party's duty to introduce enough evidence on an issue to have the issue decided by the fact fact-finder[.]" *Kinzenbaw v. Dir. of Revenue*, 62 S.W.3d 49, 53 n.6 (Mo. banc 2001) (internal quotations omitted). In a workers' compensation case, an employee meets this burden when she introduces competent and substantial evidence on the whole record sufficient to support a finding on each of the facts necessary to that award. The burden of persuasion, on the other hand, requires the employee actually "to convince the fact-finder to view the facts in a way that favors [her]." *Krispy Kreme Doughnut Corp.*, 488 S.W.3d at 67. Assuming *arguendo* that Annayeva carried her burden of production as to the condition of the linoleum floor through her testimony, it is clear Annayeva failed to meet her burden of persuasion. In its findings, the Commission analyzed why it was not persuaded by Annayeva's description of the floor. First, Annayeva originally testified the floor was "normal" and only changed her answer upon repeated questioning by her attorney. Second, the Commission reviewed the accident report Annayeva filled out in the nurse's office immediately after her fall; it explicitly provided she did not know what the cause of her accident was. Third, the Commission reviewed Annayeva's medical records, none of which mentioned the condition of the linoleum floor at the time of the accident. Because it did not believe Annayeva's testimony, the Commission concluded she had failed to carry her burden of convincing the Commission that her injury arose out of or in the course of her employment.

Commission's credibility determinations when they are expressed in the award or denial of benefits and the weight the Commission gives to conflicting evidence, it must treat Annayeva's testimony regarding the condition of the floor as not persuasive. *Greer*, 475 S.W.3d at 664. Because Annayeva has failed to produce any credible evidence regarding the soiled condition of the floor, her walk into school was no different from any other walk taken in her normal, nonemployment life. Under § 287.020.3(b), Annayeva's workers' compensation claim is not compensable.

### Conclusion

Just like the claimants in *Miller* and *Johme*, Annayeva failed to prove her injury arose out of and in the course of her employment because the hazard or risk involved was one Annayeva was equally exposed to in her normal, nonemployment life. Therefore, she has failed to carry her burden of proof, and the Commission's denial of benefits is affirmed.

_____
Zel M. Fischer, Judge

All concur.

8