

# Missouri Court of Appeals

## Southern District

### Division One

JAMES ATCHISON,

    Claimant-Respondent,

vs.

MISSOURI STATE TREASURER,
CUSTODIAN OF THE 2ND INJURY
FUND,

    Respondent-Appellant.

No. SD36431

Filed:  June 26, 2020

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

The Missouri State Treasurer ("Appellant"), as custodian of the Second Injury Fund, appeals the award of benefits to James Atchison ("Employee") by the Labor and Industrial Relations Commission ("Commission").  Appellant brings one point relied on, claiming that "Employee failed to prove that he had a preexisting disability of such seriousness as to constitute a hindrance or obstacle to his employment[.]"  At first glance, Appellant's challenge appears to be a claim that sufficient evidence does not support the award; however, at oral argument and in his briefs, Appellant insists his claim is that the facts found by the Commission do not support the award and not a claim that there was

not sufficient competent evidence in the record to warrant the making of the award.

Thus, Appellant claims that our review is *de novo*.

> "The Commission's decision will be affirmed unless: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *White v. ConAgra Packaged Foods, LLC*, 535 S.W.3d 336, 338 (Mo. banc 2017); § 287.495.1, RSMo 2000. Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the [C]ommission within its powers shall be conclusive and binding. § 287.495.1, RSMo 2000. In addition to findings of fact, this Court also defers to the Commission's determinations as to credibility of witnesses and the weight given to conflicting evidence. *Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 664 (Mo. banc 2015)."

***Guinn v. Treasurer of State as Custodian of Second Injury Fund***, Nos. SD 36380 & 36510, 2020 WL 2110990, *3 (Mo.App. S.D. May 4, 2020) (quoting ***Annayeva v. SAB of TSD of City of St. Louis***, 597 S.W.3d 196, 198 (Mo. banc 2020) (footnote omitted)) (internal quotations omitted).

Appellant appears to be making a challenge based on section 287.495.1(3), RSMo 2016. Section 287.220.2 provides:

> 2. All cases of permanent disability where there has been previous disability due to injuries occurring prior to January 1, 2014, shall be compensated as provided in this subsection. . . . **If any employee who has a preexisting permanent partial disability whether from compensable injury or otherwise, of such seriousness as to constitute a hindrance or obstacle to employment or to obtaining reemployment if the employee becomes unemployed,** . . . and if the employee is entitled to receive compensation on the basis of the combined disabilities, the employer at the time of the last injury shall be liable only for the degree or percentage of disability which would have resulted from the last injury had there been no preexisting disability. After the compensation liability of the employer for the last injury, considered alone, has been determined by an administrative law judge or the commission, the degree or percentage of employee's disability that is attributable to all injuries or conditions existing at the time the last injury was sustained shall then be determined by that administrative law judge or by the commission and the degree or percentage of disability which existed prior to the last injury plus the

disability resulting from the last injury, if any, considered alone, shall be deducted from the combined disability, and compensation for the balance, if any, shall be paid out of a special fund known as the second injury fund, hereinafter provided for. **If the previous disability or disabilities, whether from compensable injury or otherwise, and the last injury together result in total and permanent disability,** the minimum standards under this subsection for a body as a whole injury or a major extremity injury shall not apply and the employer at the time of the last injury shall be liable only for the disability resulting from the last injury considered alone and of itself; except that **if the compensation for which the employer at the time of the last injury is liable is less than the compensation provided in this chapter for permanent total disability, then in addition to the compensation for which the employer is liable and after the completion of payment of the compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under section 287.200 out of the second injury fund.**

Section 287.220.2, RSMo 2016 (emphasis added).

In summary, "[t]he Second Injury Fund compensates workers who are permanently and totally disabled by a combination of past disabilities and a primary work injury." *Payne v. Treasurer of State, Custodian of Second Injury Fund*, 417 S.W.3d 834, 847 (Mo.App. S.D. 2014) (internal quotation and citation omitted). The Commission is guided by section 287.220 in determining when there is a previous disability that may be compensable from the Second Injury Fund. *Id.* First, the Commission must determine the degree of disability from the last injury alone. *Id.* As a result, preexisting disabilities are not relevant until this determination is made. *Id.* If the primary injury standing alone rendered an employee permanently and totally disabled, then the Second Injury Fund has no liability and Employer is responsible for all of the compensation. *Id.*

Furthermore, a 2005 amendment to Missouri's Workers' Compensation Law "provided the Act's 'provisions are to be construed strictly and to require the evidence to

be weighed impartially without giving any party the benefit of the doubt.' *Miller v. Mo. Highway & Transp. Comm'n*, 287 S.W.3d 671, 673 (Mo. banc 2009); section 287.800.1."

*Schoen v. Mid-Missouri Mental Health Center*, 597 S.W.3d 657, 660 (Mo. banc 2020).

> "Strict construction means that a statute can be given no broader application than is warranted by its plain and unambiguous terms. The operation of the statute must be confined to matters affirmatively pointed out by its terms, and to cases which fall fairly within its letter. A strict construction of a statute presumes nothing that is not expressed."

*Lewis v. Treasurer of State*, 435 S.W.3d 144, 154 (Mo.App. E.D. 2014) (quoting *Shaw v. Mega Industries, Corp.*, 406 S.W.3d 466, 472 (Mo.App. W.D.2013)).

First we look to the facts as determined by the Commission and not disputed in this appeal by Appellant:

- Employee had a compensable injury;

- The injury was a herniated disc at L4-L5;

- Employee suffered from both degenerative disc and degenerative joint disease from L2-L3 through L5-S1 which was a permanent and potentially disabling medical condition;

- The herniated disc from the July 8, 2007 fall, in isolation, created a 35% permanent partial disability referable to a man as a whole;

- The pre-existing degenerative processes created a 65% permanent partial disability referable to a man as a whole;

- The medical testimony of Garth Russell, M.D (who performed two Independent Medical Examinations on Employee) was found to be more credible than the testimony of Norbert Belz, M.D. (who performed an Independent Medical Examination on behalf of Employee's employer) who based his opinion on

4

discredited hearsay that was never in evidence in the first instance, and refused to acknowledge Employee's actual history of complaints following the fall;

- The testimony of Employee's Vocational Rehabilitation expert Sherry Browning was more credible than Appellant's expert Gary Weimholt, who based his opinions largely upon the Independent Medical Examination and testimony of the discredited Dr. Belz;

- The degenerative disease process was superimposed upon the July 8, 2007 fall that caused the herniated disc;

- Employee is permanently and totally disabled;

- Employee's back never bothered him prior to the July 8, 2007 fall, and it has never stopped debilitating him since the fall;

- Employee's pre-existing condition is a hindrance or obstacle for future employment or re-employment;

- That condition, combined with the July 8, 2007 fall, resulted in a greater disability than would have resulted if there were no such prior condition;

- The degenerative process significantly aggravates the subsequent (July 8, 2007) injury, in fact, rendering it inoperable; and

- The pre-existing condition, combined with the primary injury, rendered Employee permanently and totally disabled.

In this case, the Commission determined that Employee suffered from a permanent partial disability as a result of the last compensable injury in the amount of 35%. Next, per the statute, the Commission needed to determine whether that disability combined with a prior permanent partial disability resulted in permanent total disability.

5

"The determination of whether a claimant is permanently and totally disabled is based upon the claimant's ability to compete in the open labor market." *Lewis*, 435 S.W.3d at 159; *Brashers v. Treasurer of State as Custodian of Second Injury Fund*, 442 S.W.3d 152, 155 (Mo.App. S.D. 2014). "The primary determination is whether an employer can reasonably be expected to hire the employee, given his or her present physical condition, and reasonably expect that employee to successfully perform the work." *Lewis*, 435 S.W.3d at 159 (quoting *Highley v. Von Weise Gear*, 247 S.W.3d 52, 55 (Mo.App. E.D. 2008)). The Commission found that Employee is totally and permanently disabled. Appellant admits that determination is a factual finding and does not challenge the finding for lack of sufficient evidence.

Instead, Appellant argues that the employer at the time of the work-related injury should pay for the entire disability. Appellant argues that the pre-existing permanent partial disability was not symptomatic and, therefore, not compensable.[1] The facts as found by the Commission indicated preexisting disabilities based on the testimony of Dr. Garth Russell of the degenerative disease process. Dr. Russell testified that Employee had objective signs of degenerative disc disease and degenerative joint disease. The Commission specifically found that the degenerative diseases were serious enough to be a hindrance or obstacle for future employment or re-employment.

Appellant cites cases where the employee was awarded permanent partial disability for language suggesting the Commission must determine that the preexisting disabilities were quantifiable at the time of the final injury. As noted in section 287.220.2, the calculations are different for permanent total disability and permanent

---

[1] Appellant does not show us any language in the statute that supports that proposition. Instead, Appellant relies upon cases that were decided prior to the 2005 amendment; however, the amendment mandates strict construction of the Workers' Compensation statutes.

6

partial disability. The distinction between the benefits are vast, particularly in how Fund liability is calculated. *Lewis*, 435 S.W.3d at 156. Fund liability for permanent total disability under section 287.220.2[2] "occurs when the claimant establishes that he is permanently and totally disabled due to the combination of his present compensable injury and his preexisting partial disability." *Id.* at 157. To demonstrate Fund liability for permanent total disability, the claimant "must establish (1) the extent or percentage of the [permanent partial disability] resulting from the last injury only, and (2) prove that the combination of the last injury and the preexisting disabilities resulted in [permanent total disability]." *Id.* Once the Commission determines the amount of disability resulting from the primary injury alone (which would have fixed the amount of employer's liability) the Commission then deducts that amount from the compensation due to the claimant for permanent total disability to determine the Fund's liability. *Id.* at 158-59. There is no requirement in the statute that any of the preexisting injuries be "symptomatic." The requirement is simply that the Commission must find that the combination of the last injury and the preexisting disabilities resulted in permanent total disability.[3] The Commission properly followed the mandate of the statute.

We find no misapplication of the law. The Commission did not err in its application of the law to the facts of this case. The award is affirmed.

---

[2] Prior to 2014, subsection 2 of section 287.220 was subsection 1 -- the subsection of section 287.220 identified and discussed in *Lewis*.

[3] It is important to reiterate that "[i]f a claimant's last injury in and of itself rendered the claimant permanently and totally disabled, then the Second Injury Fund has no liability and employer is responsible for the entire amount." *Hughey v. Chrysler Corp.*, 34 S.W.3d 845, 847 (Mo.App. E.D. 2000); *Hazeltine v. Second Injury Fund*, 591 S.W.3d 45, 57 n.7 (Mo.App. E.D. 2019); *Blackshear v. Adecco*, 420 S.W.3d 678, 681 (Mo.App. E.D. 2014); and *Lewis*, 435 S.W.3d at 157.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J., – Concurs

William W. Francis, Jr., J., – Concurs