SUPREME COURT OF MISSOURI
 en banc
GARY BOOTHE, JR., ) Opinion issued December 21, 2021
 )
 Appellant, )
 )
v. ) No. SC98948
 )
DISH NETWORK, INC., )
 )
 Respondent. )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

 Gary Boothe, Jr., appeals the denial of workers’ compensation benefits. The

Labor and Industrial Relations Commission found Boothe was not entitled to an award

because his injury did not arise out of and in the course of his employment. Because

Boothe, pursuant to section 287.020.3(2)(b), 1 failed to establish that his injury’s risk

source was related to his employment and that he was not equally exposed to that risk in

nonemployment life, the Commission’s decision is affirmed.

 Background

 Boothe was a Field Service Specialist Level 4 for DISH Network, Inc. In this

position, he drove a company vehicle to provide services to customers in a large territory.

1
 All statutory references are to RSMo 2016, unless otherwise provided.
On a typical day, Boothe received an itinerary around 7:15 a.m. and had 15 minutes to

load his work vehicle. Boothe was expected to begin driving by 7:30 a.m. to arrive at his

first appointment on time, as late arrivals could result in consequences. Although

company policy prohibited eating while driving to ensure safety, 2 he occasionally picked

up breakfast when traveling. Boothe admitted he could eat breakfast at home before

work but suggested he preferred to eat later while driving because, on some days, his

schedule and a lack of restaurants in his territory made eating lunch difficult. Yet Boothe

also testified he did not eat before work because he was not a morning person. On days

off, when Boothe was not bound by a time schedule, he ate meals at home.

 One morning in July 2017, Boothe’s first appointment was about a 30- to 45-

minute drive from his home. After loading his van and starting to travel, he stopped at a

convenience store and bought, among other things, a breakfast sandwich. Boothe,

running slightly behind, continued on his route. Within a mile, he choked on the

sandwich, attempted to slow down, and blacked out. Subsequently, his vehicle collided

with a pillar on the side of the road. Boothe’s body struck a pole located in the center of

his van, and he suffered contusions to his chest and right flank. He also had back pain. A

police report indicated road and weather conditions were unproblematic and found

physical impairment and distractions were contributing factors to the accident.

 Boothe filed a workers’ compensation claim. After a hearing, an administrative

law judge (the “ALJ”) determined the injury’s risk source was traveling on a rural

2
 DISH also expected employees to travel nonstop to their first appointment.
 2
highway on a strict timeline, which did not occur in nonemployment life. The ALJ,

however, also acknowledged the tight schedule did not cause Boothe to eat while driving,

as he could have had breakfast prior to starting work, and he could have eaten during

breaks provided throughout the day. Ultimately, Boothe was awarded benefits, but the

amount was reduced due to a violation of the company policy prohibiting eating while

driving.

 DISH sought review from the Commission, which denied compensation because

Boothe failed to prove his injury arose out of his employment. The Commission found

Boothe did not satisfy section 287.020.3(2)(b) and determined the injury’s risk source

was eating breakfast while driving, which created the risk of choking that led to the

accident. It further held that, in these particular circumstances, Boothe failed to establish

a causal connection between his injury and his work. The Commission found nothing

about Boothe’s employment required him to eat breakfast while driving, noting DISH

policy prohibited such conduct. It explained that, while aspects of the job might limit his

ability to take a lunch break, Boothe was eating breakfast. The Commission determined

there was no evidence Boothe was rushed to reach his first appointment and, if he was

rushed, he caused the issue. It held Boothe could have eaten breakfast prior to his shift or

clocked into work and left his home earlier. The Commission further stated Boothe

chose to stop at the convenience store of his own volition and found his employment did

 3
not require such an action. Based on these findings, the Commission denied

compensation. Boothe appeals. 3

 Standard of Review

 The Commission’s decision must be “supported by competent and substantial

evidence upon the whole record.” Mo. Const. art. V, sec. 18.

 Upon appeal no additional evidence shall be heard and, in the absence of
 fraud, the findings of fact made by the commission within its powers shall
 be conclusive and binding. The court, on appeal, shall review only questions
 of law and may modify, reverse, remand for rehearing, or set aside the award
 upon any of the following grounds and no other:

 (1) That the commission acted without or in excess of its powers;

 (2) That the award was procured by fraud;

 (3) That the facts found by the commission do not support the award;

 (4) That there was not sufficient competent evidence in the record to warrant
 the making of the award.

Section 287.495. If relevant facts are undisputed, the question of whether an accident

arose out of and in the course of employment is one of law subject to de novo review.

Miller v. Mo. Highway & Transp. Comm’n, 287 S.W.3d 671, 672 (Mo. banc 2009).

 Analysis

 Boothe contends the Commission erroneously determined he failed to establish his

injury arose out of and in the course of his employment. To support his argument, he

relies on various common law doctrines while alleging applicable statutes do not prevent

recovery.

3
 After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.
 4
 To be eligible for workers’ compensation benefits, an injury must arise out of and

in the course of employment. See section 287.020.3; section 287.120.1.

 An injury shall be deemed to arise out of and in the course of the employment
 only if:

 (a) It is reasonably apparent, upon consideration of all the circumstances, that
 the accident is the prevailing factor in causing the injury; and

 (b) It does not come from a hazard or risk unrelated to the employment to
 which workers would have been equally exposed outside of and unrelated
 to the employment in normal nonemployment life.

Section 287.020.3(2). “An injury will not be deemed to arise out of employment if it

merely happened to occur while working but work was not a prevailing factor and the

risk involved . . . is one to which the worker would have been exposed equally in normal

non-employment life.” Miller, 287 S.W.3d at 674. More generally, a causal connection

between an injury and a work activity other than mere occurrence at work must be

shown. See id. Employees bear the burden of proof for these issues. Johme v. St. John’s

Mercy Healthcare, 366 S.W.3d 504, 510 (Mo. banc 2012). Further, failure to meet these

standards is fatal to a workers’ compensation claim. Annayeva v. SAB of TSD of City of

St. Louis, 597 S.W.3d 196, 199 (Mo. banc 2020).

 Boothe posits the Commission misapplied section 287.020.3(2)(b). When

deciding if a claim is compensable, section 287.020.3(2)(b) requires: 1) the hazard or risk

to be related to employment and 2) the worker to not be equally exposed to the hazard or

risk in nonemployment life. In conducting the applicable analysis, the injury’s risk

source is key. See Johme, 366 S.W.3d at 511. The Commission did not use the precise

language from section 287.020.3(2)(b) to describe the risk source as one to which Boothe

 5
“would have been equally exposed outside of and unrelated to the employment in normal

nonemployment life.” Nonetheless, it determined Boothe failed to show his injury arose

out of and in the course of employment, as required by section 287.020.3(2), because his

injury resulted from a risk that was not caused by his employment. That finding is a

correct application of the law and is supported by competent as well as substantial

evidence upon the whole record.

 Boothe’s injury’s risk source was eating while driving, which created a risk of

choking and led to the accident resulting in injury. 4 In terms of section 287.020.3(2)(b)

and in this particular context, eating while driving was not related to Boothe’s

employment. DISH did not require him to eat breakfast after starting work for the day,

and, as Boothe acknowledged, he could have had breakfast beforehand.

 Boothe argues aspects of his position—such as the tight schedule, limits on the

ability to eat lunch, and driving on certain roads—played a role in the accident. These

arguments are unconvincing. Despite a tight schedule, he could have had breakfast prior

to beginning work, which would have eliminated the need to eat while driving. Boothe

contends eating breakfast after starting work was sensible because eating lunch is often

4
 Boothe contends the risk source was running into the concrete pillar because that event meets
applicable statutory definitions. See section 287.020.2 (defining “accident” as “an unexpected
traumatic event or unusual strain identifiable by time and place of occurrence and producing at
the time objective symptoms of an injury caused by a specific event during a single work shift”);
section 287.020.3(5) (defining “injury” as “violence to the physical structure of the body”). He
also argues he seeks compensation for injuries from the collision, not choking or blacking out.
Yet these contentions view the risk source too narrowly. While striking the concrete pillar
ultimately caused the physical injuries, the accident occurred because Boothe was eating while
driving. Absent this action, he would not have choked, blacked out, run off the road, and
collided with the pillar.
 6
difficult. For example, the territory where he is assigned can have few eating

establishments, and, further, he might not have time to take a lunch break.

 On the day of the accident, Boothe ate shortly after his shift began, even though he

could have had breakfast roughly 30 to 45 minutes earlier. Boothe’s testimony suggested

he failed to eat breakfast before work simply because he was not a morning person.

There was no evidence driving or road conditions contributed to the accident. Under

these facts, no condition of Boothe’s employment required him to eat while driving or

significantly contributed to the accident and injury. The evidence does not support a

finding that eating while driving was related to the employment.

 Boothe also failed to establish he was not equally exposed to eating while driving

in nonemployment life. He alleges that he eats meals at home on his days off and that no

evidence demonstrated he eats while driving outside of work. Reliance on the absence of

evidence, however, is misplaced because Boothe must show his injury arose out of and in

the course of employment, pursuant to section 287.020.3(2)(b). See Johme, 366 S.W.3d

at 510; Annayeva, 597 S.W.3d at 200. In accordance with section 287.020.3(2)(b), he did

not establish that the risk source—eating while driving—was related to his employment

or that he was not equally exposed to that risk in nonemployment life. Boothe, therefore,

failed to establish his injury arose out of and in the course of employment. 5

5
 Because section 287.020.3(2)(b) and the cases construing that provision prevent an award, this
Court need not address other arguments regarding whether the injury arose out of and in the
course of employment.
 7
 Recent opinions from this Court also support the Commission’s decision. See

Schoen, 597 S.W.3d at 660-61 (holding an employee was not entitled to workers’

compensation because she was equally exposed to tripping accidentally outside of her

employment and injury from the fall did not occur due to a condition of employment);

Annayeva, 597 S.W.3d at 200 (finding the denial of benefits was proper because an

employee’s “walk into school was no different from any other walk taken in her normal,

nonemployment life”); Johme, 366 S.W.3d at 511-12 (determining an injury was not

compensable because the employee, who fell while making coffee at work, failed to

demonstrate she was not equally exposed to twisting her ankle and falling in her

nonemployment life); Miller, 287 S.W.3d at 674 (holding an injury arising from a fall at

work was not compensable because nothing about work led to or worsened the injury and

“there [was] no causal connection of the work activity to the injury other than the fact of

its occurrence while at work”). Similarly, no condition of Boothe’s employment led to or

worsened his accident, and there was no causal connection between his work activity and

his employment other than mere occurrence at work. As such, his injury is not

compensable.

 8
 Conclusion

 The Commission properly denied workers’ compensation benefits pursuant to

section 287.020.3(2)(b). The decision is affirmed.

 ______________________________
 Mary R. Russell, Judge

All concur.

 9